# Exhibit A

Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Michael J. Manning, Esq. (State Bar No. 286879)
Tristan P. Jankowski, Esq. (State Bar No. 290301)
Craig G. Côté, Esq. (State Bar No. 132885)
Osman M. Taher, Esq. (State Bar No. 272441)
**MANNING LAW, APC**
20062 SW Birch Street, Ste. 200
Newport Beach, CA 92660
Office: (949) 200-8755
Fax: (866) 843-8308
ADAPracticeGroup@manninglawoffice.com

Attorneys for Plaintiff

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**02/27/2019** at 05:41:05 PM
Clerk of the Superior Court
By Richard Day, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN DIEGO

JAMES RUTHERFORD, an individual;

    Plaintiff,

vs.

JC RESORTS, LLC, a Delaware limited
liability company; and DOES 1 to 50,
inclusive,

    Defendants.

Case No.:   37-2019-00010939-CU-CR-CTL

**COMPLAINT**

Plaintiff JAMES RUTHERFORD, an individual, ("Plaintiff"), brings this action against JC RESORTS, LLC, a Delaware limited liability company. ("Defendant"), and DOES 1 to 50:

**INTRODUCTION**

1.    Plaintiff is mobility impaired and requires information about the accessibility of hotels and hotel rooms to make reservations. Defendant maintains its reservations service, including but not limited to that offered to the public on its website (hereinafter the "Website" which shall refer to www.ranchobernardoinn.com and any other website operated by, controlled by, or acting at

the direction of Defendant directly, or through contractual, licensing, or other arrangements, for the purposes described herein), in such a way that it contains access barriers preventing Plaintiff, and other mobility-impaired individuals, from gaining full and equal access to the reservations service offered by Defendant. Defendant's denial of full and equal access to its reservations service, and therefore its products and services offered thereby, is a violation of the rights of Plaintiff under the California Unruh Civil Rights Act, California Civil Code § 51 *et seq.*, ("Unruh Act").

2.    The California Legislature provided a clear and statewide mandate for the elimination of discrimination against individuals with disabilities when it enacted the Unruh Civil Rights Act, Cal. Civ. Code § 51, *et seq.* Discrimination sought to be eliminated by the Unruh Civil Rights Act ("UCRA") includes barriers to full integration, independent living and equal opportunity for individuals with disabilities, which then necessarily includes barriers created by websites and other places of public accommodation that are inaccessible.

3.    Each of Defendant's violations of Title III of Americans With Disabilities Act, 42 U.S.C. §§ 12181, et seq., 28 CFR § 36.302(e)(1) et seq. ("ADA") is likewise a violation of the Unruh Act. Indeed, the Unruh Act provides that any violation of the ADA constitutes a violation of the Unruh Act. Cal. Civ. Code § 51(f) (the ADA and UCRA are referred to herein collectively as "Disability Access Laws").

4.    For more than 28 years, the ADA and the Unruh Act have required that individuals with disabilities be provided full and equal access to the goods, services and facilities provided by hotel owners and operators.

5.    However, the hospitality industry has been slow to respond, or has failed to respond, to the needs of disabled travelers. *See e.g.* Consent Decree in *United States of America v. Hilton Worldwide Inc., No. 10 1924* (entered November 29, 2010)(Resolving Complaint by the United States alleging in part that Hilton systemically, and across its various brands, "fails to provide individuals with disabilities the same opportunity to reserve accessible guestrooms using its on-line … reservations systems" and "failed to provide accurate, reliable information about its accessible sleeping rooms and amenities throughout its reservations system" and that "individuals with disabilities are unable to reserve, on-line, accessible sleeping accommodations with either a tub or a

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

**COMPLAINT**
2

roll-in shower"); Settlement Agreement *United States of America and Motel 6 Operating L.P., DJ# 202-73-5*(entered August 12, 2004 and extended January 19, 2006)(Resolving allegations the Motel 6 online reservation system was inadequate and securing in part the agreement of Motel 6 that it would, for its internet reservation systems, "provide service to individuals who request accessible rooms that is equivalent to that provided to individuals who seek to reserve standard rooms.").

6.    Eventually, in response to many complaints received by the Department of Justice, Civil Rights Division ("DOJ"), typically by individuals who reserved an accessible hotel room only to discover upon arrival that the room they reserved is not accessible, the DOJ took action, issuing its Notice of Proposed Rulemaking, 73 FR 34508 (June 17, 2008)("NPRM").

7.    After a notice and comment period, with input primarily from individuals with disabilities, hotels, resort developers, travel agencies and organizations commenting on their behalf, the DOJ published Section 36.302(e) with detailed requirements for hotel reservations services. In short, the DOJ required that hotels must make reasonable modifications to reservations policies, practices, or procedures when necessary to ensure that individuals with disabilities can make reservations for accessible guest rooms during *the same hours and in the same manner* as individuals who do not need accessible rooms and that they must identify and describe *accessible features in the hotels and guest rooms* offered through its reservations service *in enough detail* to reasonably permit individuals with disabilities to *assess independently whether a given hotel or guest room* meets *his or her accessibility needs.* 28 CFR § 36.302(e)(1)(i)-(ii)(*emphasis added*).

8.    The Final Rule on Nondiscrimination on the Basis of Disability by Public Accommodations, including the hotel reservations requirements above, was published on September 15, 2010 in the Federal Register. While the Final Rule generally took immediate effect, the hotel reservations component did not. The DOJ observed: "As with hotels, the Department believes that within the 18-month transition period these reservations services should be able to modify their systems to ensure that potential guests with disabilities who need accessible rooms can make reservations during the same hours and in the same manner as those who do not need accessible rooms." Accordingly, to accommodate the needs of industry, the hotel reservations requirements of 28 CFR § 36.302(e)(1) did not become effective until after an 18-month transition period, or until

March 15, 2012. 28 CFR § 36.302(e)(3).

9. The ADA's hotel reservations requirements were six years old on March 15, 2018. Yet, the problem the DOJ sought to address through its reservations regulations is as bad as ever. So bad, that in 2017 the private start-up company AbiliTrek launched. AbiliTrek describes its mission as follows:

> "AbiliTrek, like many other companies, began as an innovative idea; AbiliTrek is geared toward bettering the travel experience for people with disabilities. **Currently, the travel industry lacks the information needed for travelers with disabilities. This makes traveling a daunting and exhausting task for many in the disability community.** AbiliTrek was created as a fundamental resource for any traveler with a disability. **AbiliTrek's goal is to counteract the current state of the travel industry** and make traveling with a disability a fulfilling experience" AbiliTrek Updates posted December 31, 2017. https://abilitrek.com/wrapping-up-2017-our-end-of-year-review-package/. (Emphasis added).

10. Defendant is part of the problem addressed by the hotel reservations provisions of the ADA and private firms like AbiliTrek.

11. As a result of Defendant's violations of law, and to correct them, Plaintiff seeks statutory damages where available, declaratory relief and injunctive relief establishing that Defendant has engaged in violations of the ADA and the Unruh Act and requiring Defendant to comply with the Unruh Act by providing individuals with disabilities the ability to independently make reservations for accessible guest rooms in the same manner as individuals who do not need accessible rooms including the identification and description of the accessible features in the Defendant's hotel and the guest rooms offered through Defendant's service sufficient to ensure that individuals with disabilities receive the information they need to benefit from the services offered by Defendant.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action. This Court has personal jurisdiction over Defendant because it conducted and continues to conduct substantial business and Plaintiff's claims arose in the State of California and Defendant's offending website is available throughout California. The access barriers described in this Complaint were experienced by Plaintiff on his computer when he attempted to conduct a business transaction with Defendant and was then

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

denied equal access to the reservations service offered through Defendant's Website.

13.    Venue is proper in this Court because Defendant conducts substantial business in this County. Venue is also proper because a substantial portion of the conduct complained of herein occurred in this District.

## PARTIES

14.    Plaintiff JAMES RUTHERFORD is a Riverside County, California resident. Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, ambulating, sitting, in addition to twisting, turning and grasping objects. As a result of these disabilities, Plaintiff relies upon mobility devices, including at times a wheelchair, to ambulate. At the time of Plaintiff's attempt to make room reservations at Defendant's hotel and prior to instituting this action, Plaintiff suffered from a "qualified disability" under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12102(2) and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 et seq..

15.    As a result of Plaintiff's disability he requires an accessible room to utilize the goods, services and facilities provided by Defendant.

16.    Plaintiff is a tester in this litigation and a consumer who wishes to access Defendant's good and services. Plaintiff is being deterred from patronizing the Defendant's hotel on particular occasions, but intends to return to the Website for the dual purpose of availing himself of the goods and services offered to the public and to ensure that Defendant ceases evading its responsibilities under federal and state law.

17.    Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant is a Delaware limited liability company with its Rancho Bernardo Inn (the "Subject Property" and/or the "Hotel") located in San Diego, California. Defendant's hotel location constitutes a place of public accommodation. Defendant's location provides to the public important goods and/or services. Defendant also provides to the public the Website. The Website provides access to the array of services, including descriptions of its hotel, rooms and services, the ability to make room reservations, and many other benefits related to these facilities and services. The hotel location is a public accommodation within the definition of Title III of the ADA, 42 U.S.C. §

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

12181(7) and is likewise a "business establishment" within the meaning of the Unruh Act. The Website is a service, privilege, and advantage of Defendant's hotel locations and services. The Website is a service that is by and integrated with this location.

## FACTUAL ALLEGATIONS

18.     As part of its operations, Defendant provides the public access to reservations services, including but not limited to the ability to make reservations online at the Website.

19.     Within the applicable limitations period, on or about January 10, 2019, Plaintiff visited the Website, to view the accessible features in the hotel and guest rooms of the Defendant's hotel.

20.     Plaintiff desired to visit a hotel in the San Diego area, which he planned to visit on March 19, 2019 through March 20, 2019. As a result of his disabilities, Plaintiff required information about the features of the accessible rooms and the hotel to independently make a reservation. The information required by Plaintiff was unavailable so Plaintiff could not make a reservation for an accessible room or suite using the Website in the same manner as individuals who do not need accessible rooms.

21.     Plaintiff was unable to independently identify the material accessible features of the hotel and guest rooms of the Subject Property owned and operated by Defendant. The description of the accessible rooms and features of the Subject Property is substantially limited to the following vague, ambiguous, cursory and inadequate (for Plaintiff's purposes) information:

a. On the homepage of www.ranchobernardoinn.com, there is a general description of the Hotel's location and features; however, none of the information provided relates to accessibility as required by Disability Access Laws.

b. There is a link labeled "Guest Rooms" which offers photos, a description, and a "Check Availability" link for each of the Hotel's eight room options; however, none of the information provided relates to accessibility as required by Disability Access Laws.

c. There is a link labeled "Guest Suites" which offers photos, a description, and a "Check Availability" option for each of the Hotel's three suite options; however, none

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

of the information provided relates to accessibility as required by Disability Access Laws.

d. There is a link labeled "FAQ" which offers a list of the hotel's most frequently asked questions; however, none of the questions listed pertain to accessibility as required by Disability Access Laws.

e. Remaining links from the homepage do not contain information regarding accessibility as required by Disability Access Laws.

f. When attempting to make a reservation, Plaintiff found that the Website treated the accessible rooms as a special request and not as a room type that can be reserved as can other rooms with the following special request options: "Handicapped Accessible Room" and "Handicapped Accessible Room w/ Roll In Shower"; however, the information provided lacks specificity and does not provide sufficient detail for Plaintiff to determine whether the Subject Property will meet his accessibility needs.

g. The Website uses the term "handicap" in connection with the needs of persons with disabilities. A handicap is a physical or attitudinal constraint that is imposed upon a person, regardless of whether that person has a disability or not." The State of California classifies this term as derogatory in this context and its use by Defendants is indicative of their failure to consider the rights and needs of persons with disabilities.

h. The Website, including the reservations aspect, does not indicate with any degree of detail whether the Subject Property offers accessible features, including but not limited to parking and/or accessible pathways to the accessible entrance(s), or accessible pathways to resort amenities.

i. The Website does not permit reservation of accessible rooms in the same manner as other rooms including the identification of accessible features of rooms and of the Subject Property in enough detail to reasonably permit Plaintiff to assess independently whether a given hotel or guest room meets their accessibility needs.

22. An investigation performed on Plaintiff's behalf confirmed the allegations made by

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

Plaintiff above.

23. On information and belief, Plaintiff also alleges Defendant currently has no policy to ensure that:

    a. Accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

    b. Accessible guest rooms or specific types of guest rooms may be reserved on request and ensuring that the guest rooms requested are blocked and removed from all reservations systems;

    c. The specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others; and

    d. The Subject Property provides the statutorily required minimum number of accessible rooms and accessible room types and that the accessible rooms available, if any, are distributed among the types of rooms available at the Subject Property so as to provide equal access to the Subject Property by persons with disabilities.

24. Plaintiff has been, and in the absence of an injunction will continue to be, injured by Defendant's policy and practice of failing to make reasonable modifications to its reservations policies practices and procedures applicable to its reservations service offered online on the Website so as to allow individuals with disabilities the ability to make reservations for accessible guest rooms in the same manner as individuals who do not need accessible rooms including the identification and description of the accessible features in the Defendant's hotel and the guest rooms sufficient to ensure that individuals with disabilities receive the information they need to benefit from the services offered by Defendant.

25. Given the obvious and blatant violation alleged hereinabove, Plaintiff alleges, on information and belief, that there are other violations of 28 CFR § 36.302(e), the ADA and the Unruh Act, that relate to Plaintiff's disabilities. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, after discovery. However, Defendant is hereby on

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

notice that Plaintiff seeks to have all barriers related to their disabilities remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008).

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *et seq.* (Injunctive Relief and Damages on Behalf of Plaintiff)**

**(By Plaintiff Against All Defendants)**

26.     Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

27.     California Civil Code § 51 *et seq.* guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges, and services of all business establishments of any kind whatsoever.  Defendant is systematically violating the UCRA, Civil Code § 51 *et seq.*

28.     The Unruh Act guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the state of California. Cal. Civ. Code § 51(b).

29.     Defendant through the Subject Property provides lodging to the general public in California is a business establishment within the jurisdiction of the state of California, and as such is obligated to comply with the provisions of the Unruh Act, California Civil Code §§ 51, et seq.

30.     The Unruh Act provides, inter alia, that a violation of the ADA, 42 U.S.C. §§ 12101, et seq., also constitutes a violation of the Unruh Act. Cal. Civ. Code § 51(f).

31.     Defendant's discriminatory conduct alleged herein includes, inter alia, the violation of the rights of persons with disabilities set forth in Title III of the ADA and therefore also violates the Unruh Act. Cal. Civ. Code § 51(f).

32.     The actions of Defendant were and are in violation of the Unruh Act, California Civil Code §§ 51, et seq. Plaintiff is aware of Defendant's unlawful actions, and this knowledge of discrimination has deterred Plaintiff from attempting to access and use Defendant's reservations service and hotel on several occasions. Therefore, Plaintiff is entitled to injunctive relief remedying

MANNING LAW, APC
4667 MacArthur Blvd., Ste. 150
Newport Beach, CA 92660

the discrimination pursuant to California Civil Code § 52. Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff will continue to suffer irreparable harm.

33.    Plaintiff is also entitled to statutory minimum damages pursuant to California Civil Code § 52 for each and every offense in violation of the Unruh Act. Cal. Civ. Code § 52(a), and so Plaintiff requests relief as set forth below.

## SECOND CAUSE OF ACTION

### (Declaratory Relief on Behalf of Plaintiff)

34.    Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

35.    An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, that by failing to provide a reservations service through the Website that allows persons with mobility impairments to independently identify accessible features of Defendant's hotel and rooms and to independently reserve accessible rooms in the hotel Defendant fails to comply with applicable laws, including but not limited to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq. and California's Unruh Act, California Civil Code §§ 51-52.

36.    An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, that by failing to comply in all respects with 28 CFR § 36.302(e)(1) et seq. Defendant fails to comply with applicable laws, including but not limited to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq. and California's Unruh Act, California Civil Code §§ 51-52.

37.    A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly and so Plaintiff requests relief as set forth below.

## PRAYER

**WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:**

1.    A preliminary and permanent injunction enjoining Defendant from further violations

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

of the Unruh Act, Civil Code § 51 *et seq.* requiring Defendant to take the steps necessary to ensure that Defendant's maintain and implement policies and procedures:

    a.  Allow persons with mobility impairments to independently identify accessible features of Defendant's hotel;

    b.  Allow persons with mobility impairments to independently reserve accessible rooms in the hotel;

    c.  Hold reserved accessible rooms for use by persons with mobility impairments;

    d.  Block and remove reserved accessible rooms from all reservations systems;

    e.  Guarantee that the specific accessible guest room reserved is held for that reserving customer, regardless of whether a specific room is held in response to reservations made by others; and

    f.  Guarantee the Subject Property includes at least the minimum statutorily required number of accessible rooms and accessible room types and that those rooms are distributed throughout the Subject Property in compliance with applicable laws.

    g.  If any of the preceding conditions are not implemented within 120 days of service of the Summons and Complaint, Defendant shall cease accepting any and all reservations via the Website that are processed in an unlawful and discriminatory manner, including those that violate 28 CFR § 36.302 (e), until Defendant can show that its reservations service has been brought into compliance with applicable laws.

**Note: Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disable Persons Act;**

2.    A declaration that since March 15, 2012, Defendant discriminated against persons with mobility impairments by failing to ensure that Defendant's reservations service offered through the Website allowed persons with mobility impairments to independently identify accessible features of Defendant's hotel and rooms and independently reserve accessible rooms in the hotel, and that Defendant did not comply with the requirements of 28 CFR § 36.302(e)(1) et seq. in violation of Title

III of the ADA, 42 U.S.C. §§ 12181, et seq., 28 CFR § 36.302(e)(1) et seq., and California's Unruh Act, California Civil Code §§ 51-52.;

3.      Statutory damages pursuant to California Civil Code § 52(a), for each and every violation of law.

4.      For attorneys' fees and expenses pursuant to all applicable laws including, without limitation, Civil Code § 52(a);

5.      An order awarding Plaintiff's post-judgment interest; and

6.      For such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully requests a trial by jury on all appropriate issues raised in this Complaint.

Dated: February 27, 2019                    **MANNING LAW, APC**

By: _____
Joseph R. Manning Jr., Esq.
Michael J. Manning, Esq.
Tristan P. Jankowski, Esq.
Craig G. Côté, Esq.
Osman M. Taher, Esq.
Attorneys for Plaintiff

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | *FOR COURT USE ONLY* |
|---|---|
| STREET ADDRESS:  330 West Broadway | |
| MAILING ADDRESS:  330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME:  Central | |

| PLAINTIFF(S):   James Rutherford |
|---|
| DEFENDANT(S): JC Resorts LLC |
| SHORT TITLE:   RUTHERFORD VS JC RESORTS LLC [IMAGED] |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2019-00010939-CU-CR-CTL |
|---|---|

Judge: Katherine Bacal                                                    Department: C-69

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐    Mediation (court-connected)                    ☐    Non-binding private arbitration

☐    Mediation (private)                             ☐    Binding private arbitration

☐    Voluntary settlement conference (private)       ☐    Non-binding judicial arbitration (discovery until 15 days before trial)

☐    Neutral evaluation (private)                    ☐    Non-binding judicial arbitration (discovery until 30 days before trial)

☐    Other (*specify e.g., private mini-trial, private judge, etc.*): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____          Date: _____

_____          _____
Name of Plaintiff                                                 Name of Defendant

_____          _____
Signature                                                         Signature

_____          _____
Name of Plaintiff's Attorney                                      Name of Defendant's Attorney

_____          _____
Signature                                                         Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

_____
Dated: 02/28/2019                                       JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)          **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**          Page: 1

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 330 W Broadway | |
| MAILING ADDRESS: 330 W Broadway | |
| CITY AND ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |
| TELEPHONE NUMBER: (619) 450-7069 | |

| PLAINTIFF(S) / PETITIONER(S): James Rutherford |
|---|

| DEFENDANT(S) / RESPONDENT(S): JC Resorts LLC |
|---|

| RUTHERFORD VS JC RESORTS LLC [IMAGED] | |
|---|---|
| **NOTICE OF CASE ASSIGNMENT**<br>**and CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>37-2019-00010939-CU-CR-CTL |

## CASE ASSIGNMENT

Judge: Katherine Bacal                                                    Department: C-69

### COMPLAINT/PETITION FILED: 02/27/2019

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 09/20/2019 | 09:30 am | C-69 | Katherine Bacal |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).



# Superior Court of California
# County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
# AND ASSIGNMENT TO IMAGING DEPARTMENT

**This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.**

**This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).**

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.** Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Joseph R. Manning, Jr.            SBN: 223381<br>Manning Law, APC<br>20062 SW Birch Street. Ste 200 Newport Beach, CA 92660<br>TELEPHONE NO.: 949-200-8755      FAX NO.: 866-843-8308<br>ATTORNEY FOR *(Name)*: James Rutherford | FOR COURT USE ONLY |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY AND ZIP CODE: San Diego, 92101<br>BRANCH NAME: Hall of Justice Courthouse | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**02/27/2019** at 05:41:05 PM<br><br>Clerk of the Superior Court<br>By Richard Day, Deputy Clerk |

CASE NAME: James Rutherford v. JC Resorts, LLC, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited   [ ] Limited<br>(Amount      (Amount<br>demanded    demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 37-2019-00010939-CU-CR-CTL<br><br>JUDGE:   Judge Katherine Bacal<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [X] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve      in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify)*: 1: ONE
5. This case [ ] is [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 02/27/2019

Joseph R. Manning, Jr.
_____      ►     _____
(TYPE OR PRINT NAME)                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Michael J. Manning, Esq. (State Bar No. 286879)
Tristan P. Jankowski, Esq. (State Bar No. 290301)
Craig G. Côté, Esq. (State Bar No. 132885)
Osman M. Taher, Esq. (State Bar No. 272441)
**MANNING LAW, APC**
20062 SW Birch St., Ste 200
Newport Beach, CA 92660
Office: (949) 200-8755
Fax: (866) 843-8308
ADAPracticeGroup@manninglawoffice.com

Attorneys for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| JAMES RUTHERFORD, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>JC RESORTS, LLC, a Delaware limited liability company; and DOES 1 to 50, inclusive,<br><br>Defendants. | Case No.: 37-2019-00010939-CU-CR-CTL<br><br>**NOTICE OF INSPECTION OF REAL PROPERTY**<br><br>**[CRC 3.1200, et seq.; CCP 1005(b)]** |

PROPOUNDING PARTY: PLAINTIFF, JAMES RUTHERFORD

RESPONDING PARTY: DEFENDANT, JC RESORTS, LLC, a Delaware limited liability company

SET NUMBER: ONE To: All Parties and Their Attorneys of Record:

PLEASE TAKE NOTICE THAT, pursuant to California Code of Civil Procedure Sections

2031.010, et seq., Plaintiff JAMES RUTHERFORD ("Plaintiff"), and his attorneys and expert(s) will conduct an inspection of the real property placed at issue by the operative Complaint in this action as a Public Place of Accommodation.   This inspection shall extend to all areas of the real property that constitute a Public Place of Accommodation.  Plaintiff reserves the right to inspect areas of the property open to the public at any time such areas are open to the public and without further notice. *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008).  As to those areas of the real property that constitute a Public Place of Accommodation, which are not readily accessible (e.g., rooms designated as accessible by Defendant), Plaintiff, by and through undersigned counsel hereby requests the Defendant permit entry upon land on July 15, 2019, at 11:00 a.m., to inspect.


Dated: March 4, 2019            **MANNING LAW, APC**

                        By: _____
                            Joseph R. Manning Jr., Esq.
                            Michael J. Manning, Esq.
                            Tristan P. Jankowski, Esq.
                            Craig G. Côté, Esq.
                            Osman M. Taher, Esq.
                            Attorneys for Plaintiff

---

**NOTICE OF INSPECTION OF REAL PROPERTY**
2