FILED
NOV 05 2019
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, an individual,<br><br>Plaintiff,<br><br>v.<br><br>JC RESORTS, LLC, a Delaware limited liability company, and DOES 1 to 50,<br><br>Defendants. | Case No.: 3:19-cv-00665-BEN-NLS<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STAY**<br><br>[Doc. No. 9] |

Before the Court is Defendant JC Resorts, LLC's ("Defendant") motion to stay the proceedings in this matter pending resolution of *State of California v. James Rutherford, et al* (RIC 1902577)(San Diego Superior Court) and *Winn Dixie Stores, Inc. v. Gil*, (2017 U.S. Dist. LEXIS 90204)(S.D. Fla. June 13, 2017). Plaintiff James Rutherford ("Plaintiff") filed a brief in opposition. (Doc. No. 10.) For the reasons set forth below, the Court **DENIES** Defendant's motion.

## BACKGROUND

On February 27, 2019, Plaintiff initiated this action against Defendant to enforce the public accommodation accessibility requirements ("Title III") of the Americans with Disabilities Act, 42 U.S.C. § 12182 ("ADA"). (Doc. No. 1-2.) Based on his January 10, 2019, attempt to use Defendant's website to view the accessible features of the Rancho

1

Bernardo hotel and guest rooms in San Diego, California, Plaintiff seeks entry of injunctive and declaratory relief and an award of his attorney fees and costs. *Id.* at 10-12. On April 9, 2019, Defendant removed the suit to this Court. (Doc. No. 1.) Defendant filed its answer on April 10, 2019, denying its website violates the ADA and alleging this action is "moot" because it's website complies with all applicable standards (*if any exists*), and it is usable/accessible to persons with disabilities. (Doc. No. 2 at 9.) Furthermore, even if it is not compliant, Plaintiff's claims are moot due to unclean hands and numerous other legal/procedural defects in the case. *Id.* The Defendant also filed a motion to stay this action on July 10, 2019. (Doc. No. 9.) Defendant seeks to stay this action pending resolution of a lawsuit filed by the State of California against Plaintiff and his counsel for intentionally and fraudulently engaging in a scheme to extort money from over 120 Riverside County Businesses and individuals by filing illicit ADA lawsuits against them. *Id.* at 5. Additionally, Defendant seeks to stay this action pending resolution of an Eleventh Circuit Court of Appeals case dealing with the applicability of the ADA to websites. *Id.* at 9. Plaintiff filed a response opposing the motion to stay. (Doc. No. 10.) Plaintiff argues a stay will unfairly prejudice him and result in needless delay in resolving the claims at bar. *See Id.*

## **LEGAL STANDARD**

A court's decision to grant a stay is discretionary, "dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 432 (2009). The movant bears the burden of showing the circumstances justifying a stay. *Id.* at 433-34; *see Clinton v. Jones*, 520 U.S. 681, 708 (1997). A court may stay proceedings incidental to its power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

To determine if a stay should be granted, the court weighs "the competing interests of the parties, considering: (1) the possible damage that may result from the grant of a stay, (2) the hardship or inequity a party may suffer in being required to go forward with

the case, and (3) the orderly course of justice." *Wallis v. Centennial Ins. Co.*, No. 2:08-cv-02558 WBS, 2012 WL 292982, at *2 (E.D. Cal. Jan. 31, 2012) (citing *CMAS, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

While judicial economy is a factor, the decision to issue a stay "does not hinge" on case management concerns alone. *ASUSTek Comput. Inc. v. Ricoh Co.*, No. 07-cv-01942 MHP, 2007 WL 4190689, at *2 (N.D. Cal. Nov. 21, 2007) (citing *Landis*, 299 U.S. at 255). Moreover, if there is "'even a fair possibility' of harm to the opposing party, the moving party 'must make out a clear case of hardship or inequity in being required to move forward.'" *Edwards v. Oportun, Inc.*, 193 F. Supp. 3d 1096, 1101 (N.D. Cal. 2016) (quoting *Landis*, 299 U.S. at 255.)

**DISCUSSION**

The Defendant argues that a stay of this action will promote the "interests of justice, fairness, and efficiency" because awaiting resolution of (1) *The People of the State of California v. James Rutherford et al.*, Case No. RIC 1902577 (Riverside Civil Action"), could limit the triable issues or completely moot the present litigation, and (2) *Winn Dixie Stores, Inc. v. Gil*, an Eleventh Circuit case dealing with the applicability of the ADA to websites would provide significant guidance on what is required under the ADA.[1] Defendant further argues that unnecessary, repetitive, and "costly litigation" will be avoided—particularly unnecessary attorneys' fees and expert costs—if the action is stayed "pending completion" of the State's case against Plaintiff.

In response, Plaintiff contends that Defendant's motion is nothing more than the efforts of a desperate tortfeasor to draw attention away from its unlawful conduct, and instead an attempt to put the aggrieved disabled plaintiff and his counsel on trial because (1) the unverified Riverside Civil Action Defendant references in its motion has already been fully disposed of on Demurrer (*without leave to amend*), and (2) to stay this matter

---

[1] *Winn Dixie Stores, Inc. v. Gil*, 2017 U.S. Dist. LEXIS 90204 (S.D. Fla June 13, 2017), Court of Appeals Case No. 1:16-cv-23020-RNS.

3

pending the outcome of an Eleventh Circuit case related to issues already addressed by binding 9th Circuit case law in *Robles v. Domino's Pizza, LLC*, 913 F.3d 898 (9th Cir. 2017), is meritless and inapposite. (Doc. No. 20 at 3-4.)

After considering all of the relevant factors, the record, and the parties' arguments, the Court declines to stay the action at this stage in the proceedings. Plaintiff's opposition convincingly refutes the motion. In light of this, a stay of the action is not appropriate at this time.

## CONCLUSION

For the reasons set forth above, the motion to stay the litigation is **DENIED**.

**IT IS SO ORDERED.**

Dated: Nov. 05, 2019

HON. ROGER T. BENITEZ
United States District Judge