SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GREGORY F. HURLEY, Cal. Bar No. 126791
BRADLEY J. LEIMKUHLER, Cal Bar No. 261024
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626-1993
Telephone:  714.513.5100
Facsimile:  714.513.5130
Email:       ghurley@sheppardmullin.com
             bleimkuhler@sheppardmullin.com

Attorneys for Defendant
JC RESORTS, LLC

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, an individual,<br><br>               Plaintiff,<br><br>        v.<br><br>JC RESORTS, LLC a Delaware limited liability company; and DOES 1 through 50 inclusive,<br><br>               Defendants. | Case No. 3:19-cv-00665-BEN-NLS<br><br>**NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**<br><br>Date:    March 30, 2020<br>Time:   10:30 a.m.<br>Dept.:   5A<br>Judge:  Hon. Roger T. Benitez<br><br>Action Filed:   February 27, 2019<br>Trial Date:      None Set |

# **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION .................................................................. 3

II.     FACTUAL BACKGROUND ................................................ 3

III.    ARGUMENT ....................................................................... 4

    A.     Plaintiff's *Prima Facie* Case................................... 4

    B.     Plaintiff's Claims Are Limited To Those In The Complaint.................. 5

    C.     Plaintiff Has Failed To Establish Standing. ............................... 6

    D.     Plaintiff Has Failed To Plead Facts Establishing How The Alleged Barriers Personally Affected His Particular Disability. .......... 10

    E.     Plaintiff Has Failed to Allege An ADA Violation................................ 13

    F.     Plaintiff's Claim for Injunctive Relief is Moot.................................... 14

        1.     Mootness Doctrine In ADA Cases. .......................... 14

        2.     The Website Complies With Applicable Regulations............... 15

    G.     Plaintiff's Claim for Statutory Damages Fails...................................... 18

        1.     Plaintiff Cannot Establish He Was Denied Access. .................. 18

        2.     Plaintiff Cannot Prove Intentional Discrimination..................... 18

IV.     TO THE EXTENT THE COURT DOES NOT GRANT SUMMARY JUDGMENT ON PLAINTIFF'S STATE LAW CLAIMS, THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION ................................................................. 19

V.      CONCLUSION .................................................................... 21

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

<u>Cases</u>

4

*Access Now, Inc. v. South Florida Stadium Corp.*
5
    161 F.Supp.2d 1357 (S.D. Fla. 2001)......................................................5

6

*Acri v. Varian Assoc's, Inc.*
    114 F.3d 999 (9th Cir. 1996) ...............................................................19
7

8

*Brooke v. Choice Hotels Int'l, Inc.*
    2016 U.S. Dist. LEXIS 60062 (S.D. Cal. May 5, 2016) ........................8
9

*Brooke v. Newport Hotel Holding LLC*
10
    2016 U.S. Dist. LEXIS 187101 (C.D. Cal. Apr. 29, 2016)......................8

11

*Brooke v. Peterson*
12
    185 F.Supp.3d 1203 (C.D. Cal. 2016) ..................................................20

13

*Brooke v. RK Inv. Props.*
14
    2018 U.S. Dist. LEXIS 9120 (N.D. Cal. Jan. 19, 2018) ....................8, 9

15

*Carnegie-Mellon Univ. v. Cohill*
16
    484 U.S. 343 ( 1988) ...........................................................................19

17

*Chapman v. Pier 1 Imports (U.S.) Inc.*
18
    631 F.3d 939 (9th Cir. 2011) ...........................................................6, 10

19

*Cherry v. City College*
    *2006 WL 6602454* (N.D. Cal. 2006) .....................................................5
20

21

*Clark v. City of Lakewood*
    259 F.3d 996 (9th Cir. 2001) ...............................................................15

22

*Diaz v. Kroger Co.*
23
    2019 WL 2357531 (S.D.N.Y. June 4, 2019)........................................15

24

*Gasper v. Marie Callender Pie Shops*
25
    2006 U.S. Dist. LEXIS 96929 (C.D. Cal. 2006) ..................................15

26

*Gomez v. Bang & Olufsen Am., Inc.*
27
    2017 WL 1957182 (S.D. Fla. Feb. 2, 2017)........................................13

28

*Greater Los Angeles Agency on Deafness, Inc. v. Cable News Network, Inc.*
  742 F.3d 414 (9th Cir. 2014) ................................................................ 19

*Harris v. Del Taco, Inc.*
  396 F. Supp. 2d 1107 (C.D. Cal. 2005) ............................................. 6, 8

*Harris v. Stonecrest Care Auto Ctr., LLC*
  472 F.Supp.2d 1208 (S.D. Cal. 2007) ................................................. 20

*Koebke v. Bernardo Heights Country Club*
  36 Cal.4th 824 (2005) ......................................................................... 19

*Lujan v. Defenders of Wildlife*
  504 U.S. 555 (1992) ......................................................................... 6, 8

*Medical Society of New Jersey v. Herr*
  191 F.Supp.2d 574 (D.N.J. 2002) ....................................................... 15

*Mundy v. Pro-Thro Enterprises*
  192 Cal. App.4th Supp. 1 (2011) .......................................................... 5

*Munson v. Del Taco, Inc.*
  46 Cal. 4th 661 (2009) ........................................................................ 18

*Oliver v. Ralphs Grocery Co.*
  654 F.3d 903 (9th Cir. 2011) ........................................................... 5, 20

*Parr v. L&L Drive-Inn Restaurant*
  96 F.Supp.2d 1065 (D. Haw. 2000) .................................................... 15

*Price v. Everglades Coll., Inc.*
  2018 WL 3428156 (M.D. Fla. July 16, 2018) .................................... 14

*Renne v. Geary*
  501 U.S. 312 (1991) ........................................................................... 15

*Reycraft v. Lee*
  177 Cal. App.4th 1211 (2009) .............................................................. 5

*Rodriguez v. Ralphs Grocery Company*
  2009 WL 1101550 (9th Cir. 2009) ..................................................... 20

*Rutherford v. Cesar's Mexican Restaurant, LLC*
  2019 WL 4193392 (S.D. Cal. Sept. 3, 2019) .................................. 7, 11

*Rutherford v. Econolodge*
    2019 WL 950329 (S.D. Cal. Feb. 27, 2019) ................................................. 6, 7, 20

*Safer Chemicals, Healthy Families v. U.S. Envtl. Prot. Agency*
    943 F.3d 397 (9th Cir. 2019) ................................................................ 10

*Spokeo, Inc. v. Robbins*
    136 S. Ct. 1540 (2016) ......................................................................... 10

*Strojnik v. Bakersfield Convention Hotel I, LLC*
    2020 WL 509156 (E.D. Cal. Jan. 31, 2020) ...................................... 9, 11

*Strojnik v. Four Sisters Inns, Inc.*
    2019 WL 6700939 (C.D. Cal. Dec. 9, 2019) ........................................ 10

*Strojnik v. Hotel Circle GL Holdings, LLC*
    2019 WL 6212084 (E.D. Cal. Nov. 21, 2019) ..................................... 10

*Strojnik v. Kapalua Land Co. Ltd.*
    2019 WL 4685412 (D. Haw. Aug. 26, 2019) ......................... 12, 13, 14

*Strojnik v. Orangewood LLC*
    2019 U.S. Dist. LEXIS 213103 (C.D. Cal. Aug. 8, 2019) ........ 9, 10, 12

*Strojnik v. Pasadena Robles Acquisition, LLC*
    2019 U.S. Dist. LEXIS 213070 (C.D. Cal. Aug. 14, 2019) .................... 9

*Strong v. Walgreen Co.*
    2013 WL 1942185 (S.D. Cal. 2013) ...................................................... 5

*Tanner v. Wal-Mart Stores, Inc.*
    2000 U.S. Dist. LEXIS 1444 (D. N.H. 2000) ...................................... 18

*Wander v. Kaus*
    304 F.3d 856 (9th Cir. 2002) ............................................................... 15

*Wentzka v. Gellman*
    991 F.2d 423 (7th Cir. 1993) ............................................................... 19

*West v. Secretary of Dept. of Transp.*
    206 F.3d 920 (9th Cir. 2000) ............................................................... 15

*Wilson v. Costco Wholesale Corporation*
    426 F.Supp.2d 1115 (S.D. Cal. 2006) ................................................. 20

Statutes

42 U.S.C. § 12188(a)(1) ..................................................................... 15

Americans with Disabilities Act ("ADA") ........................................ *passim*

California Unruh Civil Rights Act ("Act") ........................................ *passim*

Cal. Civ. Code § 55.56 ....................................................................... 18

Civ. Code §§ 51-52 .............................................................................. 4

Other Authorities

28 C.F.R. 36.302(e)(1) ......................................................................... 4

28 C.F.R. § 36.302(e) ......................................................................... 15

CNN.com .............................................................................................. 19

https://www.ranchobernardoinn.com/ .................................................. 3

F.R.C.P. Rule 8 ................................................................................ 5, 6

**PLEASE TAKE NOTICE** that on March 30, 2020 at 10:30 a.m. or as soon thereafter as the motion may be heard before the Honorable Roger T. Benitez, in Courtroom 5A of the United States District Court for the Southern District of California, 221 West Broadway, San Diego, California 92101 Defendant JC Resorts, LLC ("Defendant") will and hereby moves for summary judgment against Plaintiff James Rutherford on the grounds that that there are no disputed issues of material fact and Defendant is entitled to judgment as a matter of law.

Plaintiff's lawsuit fails for several, independent reasons.  First, Plaintiff lacks standing to pursue his claims because he has not established that he is deterred from visiting the Inn or that he would ever visit the Inn in the future.  Second, Plaintiff has failed to allege sufficient facts supporting his standing to challenge any alleged "barriers" on the Website.  Third, Plaintiff has failed to allege an ADA violation.  Fourth, Plaintiff's claim for injunctive relief is moot because the Website presently complies will all applicable regulations.  Fifth, Plaintiff's claim for statutory damages fails because he cannot show he was denied access or that Defendant intentionally discriminated against him.   Finally, to the extent the Court does not dismiss Plaintiff's state law claims with prejudice, the Court should decline to exercise supplemental jurisdiction.

This Motion is based upon the Notice of Motion and Motion, the Memorandum of Points and Authorities in Support, the Declaration of Bryan Flood and attached exhibits, the Declaration of Gregory F. Hurley, the [proposed] order, the pleadings and files on record with the Court, any matters that may be the subject of judicial notice, and any and all evidence that may be presented at or before the hearing on the Motion.

1  Dated:  February 28, 2020

2                          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

3

4                          By    _____
                                        /s/ *Gregory F. Hurley*
5                                      GREGORY F. HURLEY

6                                 Attorneys for Defendant
7                                 JC RESORTS, LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS & AUTHORITIES

## I.
## INTRODUCTION

Plaintiff James Rutherford ("Plaintiff") is a frequent litigant who has filed hundreds of disability access lawsuits. He has brought this form disability access lawsuit against Defendant JC Resorts, LLC ("Defendant"), regarding a property he never visited. Specifically, Plaintiff alleges that he is "mobility impaired" therefore, requires accessible hotel rooms when traveling. On this basis, Plaintiff claims that Defendant's website, https://www.ranchobernardoinn.com/ (the "Website") denied him access to such rooms at the Rancho Bernardo Inn (the "Inn") because it allegedly did not provide him with sufficient information that would enable him to book an accessible guest room.

Plaintiff's lawsuit fails for several, independent reasons. First, Plaintiff lacks standing to pursue his claims because he has not established that he is deterred from visiting the Inn or that he would ever visit the Inn in the future. Second, Plaintiff has failed to allege sufficient facts supporting his standing to challenge any alleged "barriers" on the Website. Third, Plaintiff has failed to allege an ADA violation. Fourth, Plaintiff's claim for injunctive relief is moot because the Website presently complies will all applicable regulations. Fifth, Plaintiff's claim for statutory damages fails because he cannot show he was denied access or that Defendant intentionally discriminated against him. Finally, to the extent the Court does not dismiss Plaintiff's state law claims with prejudice, the Court should decline to exercise supplemental jurisdiction.

## II.
## FACTUAL BACKGROUND

On February 27, 2019, Plaintiff filed a complaint in this the Superior Court of the State of California, County of San Diego, asserting claims against Defendant for declaratory and injunctive relief under the Americans With Disabilities Act

("ADA"), 42 U.S.C. §§ 12181, *et seq.*, 28 C.F.R. 36.302(e)(1), and related regulations, as well as for damages under the California Unruh Act and Civ. Code §§ 51-52. (Dkt. 1-2, pp. 11-12, ¶¶ 1-2). Defendant timely removed this case to this Court on April 9, 2019. (Dkt. 1).

Rutherford claims he suffers from a "qualified disability" and requires an accessible room when making hotel reservations. (*Id.* at p. 5, ¶¶14-15). In this case, Plaintiff alleges he was attempting to book a room at a hotel in the San Diego area. (Dkt. 1-2, p. 7, ¶ 20). The Inn is located at 17550 Bernardo Oaks Dr., San Diego, California 92128. Plaintiff alleges that the Inn fails to comply with the ADA because its Website does not sufficiently describe the accessibility features of the Inn and its accessible guest rooms or permit reservation of such rooms in the same manner as other rooms. (*Id.* at pp. 6-7, ¶¶20-21). Plaintiff also alleges, on information and belief, that Defendant's reservations policy does not sufficiently protect disabled individuals. (*Id.* at pp. 8, ¶ 23).

On these facts, Plaintiff seeks injunctive relief, statutory damages, a declaration that Defendant has violated disability access laws, and attorneys' fees.

### III.
### ARGUMENT

**A.    Plaintiff's *Prima Facie* Case.**

In order to establish a prima facie case for injunctive relief under the ADA or the Unruh Act, Plaintiff must show that: (1) Plaintiff is a qualified individual with a disability; (2) Defendant owned, leased, or operated a place of public accommodation; (3) Plaintiff came to a place of public accommodation with the intent of purchasing its products or utilizing its services in the manner in which those products or services are typically offered to the public; (4) the place of public accommodation was in violation of one or more accessibility standard; and (5) the violations denied Plaintiff full and equal access to the place of public accommodation.

To be entitled to statutory damages under the Unruh Act, Plaintiff also must show that: (6) the violation was personally encountered by Plaintiff on a particular occasion; and (7) Plaintiff experienced difficulty, discomfort, or embarrassment due to the violation.  Finally, Plaintiff also must prove that the discrimination was intentional under the Unruh Act unless premised upon an ADA violation.  See e.g., *Mundy v. Pro-Thro Enterprises*, 192 Cal. App.4th Supp. 1 (2011); *Reycraft v. Lee*, 177 Cal. App.4th 1211 (2009); *Access Now, Inc. v. South Florida Stadium Corp.*, 161 F.Supp.2d 1357, 1363 (S.D. Fla. 2001); *Cherry v. City College, 2006 WL 6602454*, \*9 (N.D. Cal. 2006); *Strong v. Walgreen Co.*, 2013 WL 1942185, \*7 (S.D. Cal. 2013).

**B.    Plaintiff's Claims Are Limited To Those In The Complaint.**

In *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011), the Ninth Circuit confirmed that a plaintiff must identify *all* alleged access barriers in his complaint in order to give the defendant fair notice under F.R.C.P. Rule 8.  There, the Plaintiff attempted to hide the injunctive relief he sought to increase the nuisance value of his suit and to prevent defendant from remedying the barriers which would have mooted his claims at summary judgment.  The plaintiff identified some barriers in his complaint, others in a proposed amended complaint, others in an ENE statement, and others in his expert's report.  The Ninth Circuit chastised the plaintiff for his sharp tactics and adopted a bright-line rule that all barriers must be identified in the complaint:

> Plaintiff's counsel later explained that his delays in identifying the barriers at the facility were part of his legal strategy: he purposefully 'forces the defense to wait until expert disclosures (or discovery) before revealing a complete list of barriers,' because otherwise a defendant could remove all the barriers prior to trial and moot the entire case . . . [F]or purposes of Rule 8, a plaintiff must identify the barriers that constitute the grounds for a claim of discrimination under the ADA in the complaint itself; a

1
2

> defendant is not deemed to have fair notice of barriers identified elsewhere.

3   *Id.* at fn. 7, p. 909.

4   **C.     Plaintiff Has Failed To Establish Standing.**

5      As the party invoking jurisdiction, Plaintiff bears the burden of pleading

6   standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). For Plaintiff to

7   allege Article III standing, he must sufficiently plead an (i) injury-in-fact, (ii) that is

8   causally connected to the Defendant, and (iii) likely to be redressed by a favorable

9   decision. *Id*. at 560-61. An injury-in-fact must be: (a) actual or imminent, not

10  conjectural or hypothetical, and (b) concrete and particularized. *Id*. at 560. Because

11  injunctive relief is the only remedy to individuals under Title III of the ADA,

12  Plaintiff must also show he faces a "'real and immediate threat of repeated injury'"

13  to establish an injury-in-fact for purposes of standing. *Chapman v. Pier 1 Imports*

14  *(U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (quoting *O'Shea v. Littleton*, 414 U.S.

15  488, 496 (1974)).  The Ninth Circuit has held that there are two ways in which an

16  ADA plaintiff may establish standing to sue for injunctive relief: the plaintiff can

17  either demonstrate "deterrence" or "injury-in-fact coupled with an intent to return to

18  a noncompliant facility." *Id*. at 944.

19      In determining whether a plaintiff's likelihood of visiting or returning to a

20  facility is sufficient to confer standing, courts have examined factors such as "(1) the

21  proximity of the place of public accommodation to plaintiff's residence,

22  (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of

23  plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant."

24  *Harris v. Del Taco, Inc.*, 396 F. Supp. 2d 1107, 1113 (C.D. Cal. 2005) (citation and

25  quotation marks omitted). Speculative, "some-day" intentions of visiting a facility

26  will not support standing. *Lujan*, 504 U.S. at 564.

27      Courts repeatedly have expressed skepticism that Plaintiff can establish

28  Article III standing to pursue his claims.  In *Rutherford v. Econolodge*, 2019 WL

950329, *2 (S.D. Cal. Feb. 27, 2019), one District Court wrote:

> Defendants also correctly point out that Rutherford has brought a huge number of cases in this District alone—68 in the last two years, including at least fourteen against hotels or motels, and many more against restaurants. He has also filed many more in the Central District, many against hotels, motels, restaurants, and other businesses. Viewed as a whole, his allegations in these cases about the businesses he has attempted to patronize in different parts of the state strain credulity. This tends to support their assertion that Rutherford is in fact not interested in patronizing the businesses he is suing, in which case he would lack standing to bring an ADA claim as well.

*Id.*, *see also Rutherford v. Cesar's Mexican Restaurant, LLC*, 2019 WL 4193392 at *1 (S.D. Cal. Sept. 3, 2019) ("This is not a phantom concern; ADA plaintiffs have, in the past, attempted to bring claims concerning van-accessible parking spaces in spite of the fact that they had never been to the premises in question in a van, and were unlikely to do so in the future.").

    This concern is not limited to Plaintiff, but is broadly shared among courts faced with serial filers of access lawsuits against hotels they have never visited. As one court in the Northern District of California explained:

> Plaintiff Brooke, using attorney Peter Kristofer Strojnik, has filed over 130 ADA cases in the Northern District in the past two years, in addition to hundreds of cases filed in the Central, Eastern, and Southern Districts of California. The defendants in the cases appear to typically be non-chain (*e.g.*, individually or small group-owned and operated) hotels and motels. The vast majority of the cases filed in this District have been resolved by voluntary dismissal by plaintiff, usually after having filed a notice of settlement. . . .However, Brooke's filing of so many hundreds of suits against hotels and motels over the past few years *all over California*, despite living in Arizona, _calls into question her intent and ability to visit these facilities in general_. In this case, I wonder about her intent

1
2
3
4
5

and ability to visit the Imperial Inn in Oakland, California in the future. Perhaps plaintiff and her husband indeed spend hundreds of days a year traveling all over California and on those trips visit numerous motels and hotels to check for ADA compliance. But the geographic scope of her filings and the frequency of them calls her intent and thus her standing into question. (emphasis added)

6   *Brooke v. RK Inv. Props.*, 2018 U.S. Dist. LEXIS 9120, at *3 (N.D. Cal. Jan. 19,

7   2018); *see also Brooke v. Newport Hotel Holding LLC*, 2016 U.S. Dist. LEXIS

8   187101, at 9 n.3 (C.D. Cal. Apr. 29, 2016) ("Ms. Brooke alleges in every one of her

9   many lawsuits that "in fact she will lodge" at each hotel which installs a pool lift. . .

10  . Given the number of lawsuits she has filed, the Court views this representation

11  with considerable skepticism.").

12      In other words, "'some day' intentions—without any description of concrete

13  plans, or indeed even any specification of *when* the some day will be—do not

14  support a finding of the 'actual or imminent' injury that [Supreme Court] cases

15  require." *Brooke v. Choice Hotels Int'l, Inc.*, 2016 U.S. Dist. LEXIS 60062, at *7-8

16  (S.D. Cal. May 5, 2016) citing *Lujan*, 504 U.S. at 564 (emphasis in original).

17  "General statements regarding Plaintiff's intent to travel to an area . . . are

18  insufficient to allege an 'actual and imminent' injury." *Id.* at 7-8.

19      In determining whether a plaintiff's likelihood of visiting or returning to a

20  facility is sufficient to confer standing, courts have examined factors such as "(1) the

21  proximity of the place of public accommodation to plaintiff's residence,

22  (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of

23  plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant."

24  *Harris v. Del Taco, Inc.*, 396 F. Supp. 2d 1107, 1113 (C.D. Cal. 2005) (citation and

25  quotation marks omitted). Speculative, "some day" intentions of visiting a facility

26  will not support standing. *Lujan*, 504 U.S. at 564.

27      Dismissing a similar action by a different serial plaintiff against a hotel near

28  Disneyland in Anaheim, another District Court in the Central District wrote:

> Given that the DoubleTree Hotel is not in the state where Plaintiff resides, and Plaintiff makes no allegations that he frequents the Anaheim area or has concrete plants to do so in the future, Plaintiff's hypothetical allegations are insufficient to plead standing to sue for injunctive relief under the ADA because of architectural barriers at the DoubleTree Hotel.

*Strojnik v. Orangewood LLC*, 2019 U.S. Dist. LEXIS 213103, *7-8 (C.D. Cal. Aug. 8, 2019); *Strojnik v. Pasadena Robles Acquisition, LLC*, 2019 U.S. Dist. LEXIS 213070, at *4-11 (C.D. Cal. Aug. 14, 2019) (holding that plaintiff had to allege sufficient facts to show his intent to return to the defendant's hotel); *Strojnik v. Bakersfield Convention Hotel I, LLC*, 2020 WL 509156, *6 (E.D. Cal. Jan. 31, 2020) ("Plaintiff alleges no concrete travel plan, let alone one that would be sufficient to show he likely would return to the Hotel and suffer the same architectural barriers."); *see also RK Inv. Props.*, 2018 U.S. Dist. LEXIS 9120, at *3 (ordering plaintiff to provide information about her travel plans in the recent past and near future to demonstrate "evidence" that a disabled plaintiff intends to visit a facility in the near future).

This case presents the exact same concerns expressed by numerous other courts questioning the standing of frequent disability access plaintiffs bringing lawsuits against hotels they have never stayed at. Plaintiff's barebones allegations contain merely a stated desire to visit "the San Diego area" in March 2019. [Dkt. 1-2 at ¶ 20]. Plaintiff's allegations contain no specific facts concerning his past or future travel to San Diego. San Diego is a large area and Plaintiff's numerous lawsuits raise serious concerns about whether this is a truthful allegation and contain no details about why Plaintiff wished to stay at the Inn specifically. In addition, given the numerous lawsuits against hotels that Plaintiff has filed, it is simply implausible that he intends to stay at the hundreds of hotels in California that he has sued. (*See* Declaration of Gregory F. Hurley ¶ 2, Exh. A). Instead, the far more

1   plausible explanation for filing these lawsuits is to extract quick settlements for

2   monetary gain.[1]

3       In addition, Defendant has no record of Plaintiff ever attempting to reserve a

4   room at the Inn, or any record of Plaintiff reserving a room at the Inn.  (Declaration

5   of Bryan Flood ("Flood Decl.") at ¶ 2).

6       In sum, Plaintiff lacks standing to bring this claim and his lawsuit should be

7   dismissed.

8   **D.**   **Plaintiff Has Failed To Plead Facts Establishing How The Alleged**

9        **Barriers Personally Affected His Particular Disability.**

10       Plaintiff cannot merely identify barriers not associated with his particular

11   disability to satisfy Article III standing.  *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631

12   F.3d 939, 947 (9th Cir. 2011).  A barrier in a public accommodation must "interfere

13   with the plaintiff's full and equal enjoyment of the facility." *Id.* A barrier, however,

14   will "only amount to such interference if it affects the plaintiff's full and equal

15   enjoyment of the facility on account of his particular disability." *Id.* A "bare

16   procedural violation," divorced from any concrete harm, cannot satisfy the demands

17   of Article III standing.  *See Spokeo, Inc. v. Robbins*, 136 S. Ct. 1540, 1550 (2016);

18   *Orangewood LLC*, 2019 U.S. Dist. LEXIS 213103, at *7-8; *Strojnik v. Four Sisters*

19   *Inns, Inc.*, 2019 WL 6700939, at *3 (C.D. Cal. Dec. 9, 2019) ("holding that

20   Strojnik's photographs and captions to be bare legal conclusions insufficient to show

21   how there are purported barriers to accessibility"); *Strojnik v. Hotel Circle GL*

22   *Holdings, LLC*, 2019 WL 6212084, *3 (E.D. Cal. Nov. 21, 2019) (same).

23       Plaintiff must alleged a concrete and particularized injury.  "A 'particularized'

24   injury is one that 'affect[s] the plaintiff in a personal and individual way.'" *Safer*

25   *Chemicals, Healthy Families v. U.S. Envtl. Prot. Agency*, 943 F.3d 397, 411 (9th

26   _____

27   [1] Defendant notes that the Attorney General for the County of Riverside suspected
    this same motivation and brought a lawsuit against Plaintiff and his counsel due to

28   their suspicions about Plaintiff's motivation.  [Hurley Decl. at Exh. B].

Cir. 2019).  Courts dismiss disability access claims against public accommodations when plaintiffs fail to satisfy this basic requirement.  *E.g. Bakersfield Convention Hotel I, LLC*, 2020 WL 509156, *4 ("Plaintiff has failed also to allege sufficiently how his particularized injury affected him; that is, how his disabilities relate to the barriers he encountered. Plaintiff simply asserts in a conclusory manner that the barriers were "relate[d] to [his] disability and interfere[d] with [his] full and complete enjoyment of the Hotel" without any further explanation.").

Indeed, Plaintiff has been warned by courts in this District in the past due to the vague and uncertain nature of his alleged disabilities he needs to specifically explain why the alleged barriers denied him access:

> According to the complaint, Rutherford at time uses a wheelchair, but at other times relies on a walker or a cane. The complaint did not mention how often he uses any one of these. For example, it is unknown whether he uses a wheelchair most of the time, or only rarely. He did not allege any facts reasonably suggesting that he would likely be using a wheelchair or a walker when he returned to the restaurant. He also included some unclear allegations about a flared curb ramp, which he has been warned about before. . . .
> The FAC repeats garbled allegations about a flared curb ramp, without explaining how the flared ramp affects Rutherford or how it denied him access. Reading through the allegations, it is difficult to discern a clear picture of what the parking lot looked like, what Rutherford thought was wrong with it, and how it affected him.

*Cesar's Mexican Rest.*, 2019 WL 4193392 at *1-2 (dismissing nearly all claims).

In a case brought by a different ADA plaintiff, making near identical allegations against a hotel's website, another District Court dismissed the case because similar allegations failed to establish standing:

> Plaintiff alleges that the DoubleTree Website and third-party websites lacked sufficient accessibility information for Plaintiff to determine whether the DoubleTree Hotel met his accessibility needs, but Plaintiff does not identify

1
2
3
4
5
6
7
8
9
10
11
12
13
14

> what features or information Plaintiff requires for his
> accessibility needs. Plaintiff must do more than merely
> identify barriers that he encountered—he must plead how
> each barrier affected him because of his disability.
> *Chapman*, 631 F.3d at 954. Plaintiff's allegations fail to
> meet that standard. For example, Plaintiff alleges that the
> DoubleTree Website and third-party online reservation
> services failed to make reservations for accessible guest
> rooms available in the same manner as guest rooms
> without accessibility features, but again, Plaintiff does not
> allege any specific difference or how that difference
> relates to his disability. Plaintiff's allegations that the
> DoubleTree Hotel charges a premium for accessible rooms
> and provides insufficient dispersion of accessible rooms
> among various categories of rooms are likewise
> insufficient because Plaintiff does not plead how such
> barriers relate to his disability, or any facts to support an
> injury because of those barriers. Listing procedural
> violations without connecting them to any particular harm
> is insufficient to plead standing.

15
16
17
18
19
20

*Strojnik v. Orangewood LLC*, 2019 U.S. Dist. LEXIS 213103, *7-8 (C.D. Cal. Aug.
8, 2019) (emphasis added); *see also Strojnik v. Kapalua Land Co. Ltd.*, 2019 WL
4685412, *7-8 (D. Haw. Aug. 26, 2019) ("Plaintiff does not allege any facts
demonstrating any imminent injury or that there is an actual ADA violation on the
Property. Thus, Plaintiff fails to allege any facts demonstrating that he was injured
by Outrigger's alleged failure to comply with the ADA.").

21
22
23
24
25

      This case is no different.  Plaintiff's allegations are utterly devoid of any
"concrete and particularized" injury.  Plaintiff claims that he was unable to identify
the accessible features of hotel rooms at the property because the website allegedly
does not provide sufficient identification of such rooms or permit reservation of
such rooms in the same manner as other rooms.  [Dkt. 1-2 at pp. 6-7, ¶¶20-21].

26
27

      However, Plaintiff does not identify what information was allegedly missing
or why the alleged lack of that information prevented him from booking a room.

28

1  Without that information, Plaintiff fails to establish the existence of any injury
2  sufficient to establish standing.

3  **E.      Plaintiff Has Failed to Allege An ADA Violation.**

4        Aside from Plaintiff's standing issues, Plaintiff has failed to allege the
5  existence of an ADA violation in the first instance.  In a suit with virtually similar
6  allegations, the District of Hawaii held that this circumstance failed to establish a
7  violation of the ADA in the first instance because it did not amount to a denial of
8  access as defined by the ADA.  *See Strojnik v. Kapalua Land Co. Ltd.*, 2019 WL
9  4685412, *6-7 (D. Haw. Aug. 26, 2019).

10        The *Kapalua Land* decision is illustrative.  The Court described the plaintiff's
11  allegations as follows:

12            Plaintiff alleges that he was unable to obtain information
              about "inaccessible" mobility elements of the Property
13            from the hotels.com website; thus, he was unable to assess
              independently whether the Property met his accessibility
14            needs and therefore, unable to "make reservations for
              accessible guest rooms available in the same manner as
15            individual who do not need accessible rooms." ECF No.
16            25 at 4. Plaintiff misapplies ADA law.

17
18  *Id*. at *6.  The Court rejected Plaintiff's contention because "Plaintiff fails to cite to
19  any legal authority providing that failure to detail all accessible and inaccessible
20  elements of a public accommodation results in an ADA violation."  *Id*. at *7; *see
21  also Gomez v. Bang & Olufsen Am., Inc*., 2017 WL 1957182, at *4 n.3 (S.D. Fla.
    Feb. 2, 2017) ("To survive a motion to dismiss, Plaintiff must claim an actual (not
22  hypothetical) impediment to the use of Defendant's retail location. . . . "[a]ll the
23  ADA requires is that, if a retailer chooses to have a website, the website cannot
24  impede a disabled person's full use and enjoyment of the brick-and-mortar store").
25        The *Kapalua Land* Court recognized that "there is a critical distinction
26  'between an inability to use a website to gain information about a physical location
27  and an inability to use a website that impedes access to enjoy a physical location,'
28

1   the former being 'insufficient to state a claim.'" *Kapalua Land*, 2019 WL 4685412

2   at *7; *see also Price v. Everglades Coll., Inc.*, 2018 WL 3428156, at *2 (M.D. Fla.

3   July 16, 2018) ("While a nexus is obviously a requirement, alleging the mere

4   existence of some connection or link between the website and the physical location

5   is not sufficient.").

6          Based upon this reasoning, the Court found "that, as a matter of law,

7   Plaintiff's allegation that he was unable to use a third-party website to gain

8   information about the Property neither establishes that the Website is a "place of

9   public accommodation," nor does it establish that the Property discriminated against

10  him because of his disability." *Id.* at *7.  As a result, the Court dismissed the

11  plaintiff's complaint for failure to state a claim:

12          Plaintiff's allegations are unrelated to any harm he actually
            suffered at the Property and even further, unrelated to an
13          inability to use the Website to reserve a room at the
            Property because of the Website's functioning.  [] The
14          Court thus finds that Plaintiff fails to state a claim upon
15          which relief can be granted.

16  *Id.* at *7 (citation omitted); *see also Price*, 2018 WL 3428156, at *2 (dismissing

17  claim against website where "the Plaintiff alleges only facts indicating that his

18  ability to gain information about the location, rather than his access to enjoyment of

19  the university itself, was compromised.").

20          This case presents identical facts as in *Kapalua Land*.  Plaintiff's allegations

21  in the Complaint merely complain about an alleged inability to gain access about the

22  information of the accessible features of the Hotel and its grounds.  (Dkt. 1-2 at

23  ¶¶20-21).  Plaintiff does not allege that there is any ADA violation at the Inn itself

24  or allege that the Website did not function appropriately.  As a result, Plaintiff has

25  failed to state a claim upon which relief can be granted and, therefore, his case must

26  be dismissed.

27  **F.      Plaintiff's Claim for Injunctive Relief is Moot.**

28          1.      Mootness Doctrine In ADA Cases.

SMRH:4845-0806-3925.1          NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

1    Mootness is a jurisdictional defect that can be raised at any time by the parties

2 or the court sua sponte.  *Parr v. L&L Drive-Inn Restaurant*, 96 F.Supp.2d 1065,

3 1087 (D. Haw. 2000).  A case is moot when "the issues presented are no longer

4 'live' or the parties lack a legally cognizable interest in the outcome."  *Clark v. City*

5 *of Lakewood*, 259 F.3d 996, 1011 (9th Cir. 2001).  "The question is whether there

6 can be any effective relief."  *West v. Secretary of Dept. of Transp.*, 206 F.3d 920,

7 925 (9th Cir. 2000).  "Past exposure to illegal conduct does not in itself show a

8 present case or controversy . . . if unaccompanied by any continuing, present

9 adverse effects."  *Renne v. Geary*, 501 U.S. 312, 320-21 (1991).  "This requisite

10 ensures that the courts are able to grant effective relief, rather than rendering

11 advisory opinions."  *Medical Society of New Jersey v. Herr*, 191 F.Supp.2d 574, 581

12 (D.N.J. 2002).

13    "The only remedy available for a violation of the Americans with Disabilities

14 Act under a private right of action is injunctive relief.  Accordingly, if no ADA

15 violations exist at the time the court is asked to provide injunctive relief, the ADA

16 claim is moot because there is no basis for relief and there is nothing for the court to

17 order the facility to change."  *Gasper v. Marie Callender Pie Shops*, 2006 U.S. Dist.

18 LEXIS 96929, *4 (C.D. Cal. 2006); *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir.

19 2002) ("Damages are not recoverable under Title III of the ADA—only injunctive

20 relief is available for violations of Title III."); 42 U.S.C. § 12188(a)(1).

21    This doctrine has been extended to website barriers, in addition to

22 architectural barriers, under the ADA.  *E.g., Diaz v. Kroger Co.*, 2019 WL 2357531,

23 *4 (S.D.N.Y. June 4, 2019) ("Rather, the Court believes that ADA cases involving

24 websites are subject to the same mootness standard as their "structural"

25 counterparts.").

26    2.    The Website Complies With Applicable Regulations.

27    28 C.F.R. § 36.302(e) states:

28        "a place of lodging shall, with respect to reservations

made by any means . . .
(i) Modify its policies, practices, or procedures to ensure
that individuals with disabilities can make reservations for
accessible guest rooms during the same hours and in the
same manner as individuals who do not need accessible
rooms;
(ii) Identify and describe accessible features in the hotels
and guest rooms offered through its reservation service in
enough detail to reasonably permit individuals with
disabilities to assess independently whether a given hotel
or guest room meets his or her accessibility needs;
(iii) Ensure that accessible guest rooms are held for use by
individuals with disabilities until all other guest rooms of
that type have been rented and the accessible room
requested is the only remaining room of that type;
(iv) Reserve, upon request, accessible guest rooms or
specific types of guest rooms and ensure that the guest
rooms requested are blocked and removed from all
reservations systems; and
 (v) Guarantee that the specific accessible guest room
reserved through its reservation service is held for the
reserving customer, regardless of whether a specific room
is held in response to reservations made by others.

In this case, it has been Defendant's policy at the Inn to comply with these
regulations since before Plaintiff's lawsuit was filed.  Defendant's hotel
reservation's policy is, and has always been, to (1) ensure that individuals with
disabilities can make reservations for accessible guest rooms during the same hours
and in the same manner as individuals who do not need accessible rooms; (2)
identify and describe accessible features in the hotels and guest rooms offered
through its reservations service in enough detail to reasonably permit individuals
with disabilities to assess independently whether a given hotel or guest room meets
his or her accessibility needs; (3) ensure that accessible guest rooms are held for use
by individuals with disabilities until all other guest rooms of that type have been
rented and the accessible room requested is the only remaining room of that type;
(4) reserve, upon request, accessible guest rooms or specific types of guest rooms

1  and ensure that the guest rooms requested are blocked and removed from all

2  reservations systems; and (5) guarantee that the specific accessible guest room

3  reserved through its reservations service is held for the reserving customer,

4  regardless of whether a specific room is held in response to reservations made by

5  others.  (Flood Decl. at ¶ 3).

6      Defendant also trains its staff to accommodate any reasonable request made

7  by a person with a disability to ensure they have the same experience as a non-

8  disabled individual.  (*Id*. at ¶ 4).  This includes providing information to its

9  reservations staff about the accessibility of the Inn, including its guest rooms, pool,

10 spa, golf facilities, restaurants, and grounds.  (*Id*.).

11     In addition, the Website provides information about the accessibility of the

12 Inn's guest rooms and suites.  (*Id*. at ¶ 5).  For example, if a guest performs a search

13 for an available room at the Inn on a given date, there is a tab present that states

14 "Accessible."  (*Id*., Exh. C).  For each room, there is information about the room's

15 accessibility features.  (*Id*.).  For example, the "Clasico King-Accessible" room

16 states that it contains a roll-in shower and grab bars in both the tub and shower.

17 (*Id*.).  As another example, the "Terraza 2 Queens-Accessible" room states that it

18 has an accessible tub and grab bars in both the tub and shower.  (*Id*.).

19     In addition, in the "stay planner" section of the Website, disabled guests may

20 click on an option for accessible rooms.  (*Id*. at ¶ 6, Exh. D).  Guests may also put

21 specific comments on the form to allow disabled guests the ability to specifically

22 request accommodations for their disabilities.  (*Id*., Exh. E). This form allows hotel

23 staff to customize and plan their stay.   (*Id*., Exh. F).

24     Disabled guests with additional questions are encouraged to contact the Inn.

25 Under the "contact us" page of the Website, guests are given the option to call

26 numerous departments, email addresses are provided, as well as an online form that

27 guests can complete.  (*Id*. at ¶ 7, Exh. G).

28     In other words, Defendant, and its Website, makes every effort for its disabled

1   guests to be able to make reservations in the same manner as its non-disabled guests.

2   Therefore, Plaintiff's claim for injunctive relief is moot and should be dismissed.

3   **G.**   **Plaintiff's Claim for Statutory Damages Fails.**

4       1.   Plaintiff Cannot Establish He Was Denied Access.

5       In order to be entitled to statutory damages under California law, a plaintiff

6   must show, among other things, that he personally encountered a violation that

7   caused him "difficulty, discomfort, or embarrassment."  Cal. Civ. Code §55.56.

8   Mere technical, trivial, or de minimis violations are insufficient to support an award

9   of damages.  *See, e.g., Tanner v. Wal-Mart Stores, Inc.*, 2000 U.S. Dist. LEXIS

10  1444 (D. N.H. 2000); Skaff v. Meridian North America Beverly Hills, LLC, 506

11  F.3d 832 (9th Cir. 2007) ("the law does not care about trifles"; mere one-hour delay

12  in providing accessible room to disabled patron and overnight delay in providing

13  accessible shower chair did not state viable claims under Unruh Act).

14      Here, Plaintiff cannot meet his burden.  As discussed above, Plaintiff has

15  failed to allege facts that would support an ADA violation.  In addition, mere

16  technical violations, assuming any existed, are insufficient to support a finding of

17  statutory damages.  Moreover, at all times, staff at the Inn were ready, willing and

18  able to assist Plaintiff book a room, answer any questions about the accessibility of

19  the subject property, and help Plaintiff overcome any accessibility issues.  (Flood

20  Decl. at ¶ 8).  This provides equivalent facilitation under the ADA.  Thus, his state

21  law claims fail as a matter of law.

22      2.   Plaintiff Cannot Prove Intentional Discrimination

23      Unless an Unruh Act claim is premised exclusively upon the ADA, it may be

24  maintained only if Plaintiff plead and prove "intentional discrimination in public

25  accommodations in violation of the terms of the Act."  *Munson v. Del Taco, Inc.*, 46

26  Cal. 4th 661, 668 (2009).  The California Supreme Court has repeatedly confirmed

27  that the Unruh Act contemplates "willful, affirmative misconduct on the part of

28  those who violate the Act" and that a plaintiff must therefore allege, and prove,

1   more than the disparate impact of a facially neutral policy.  *Koebke v. Bernardo*

2   *Heights Country Club,* 36 Cal.4th 824, 853 (2005).

3           For example, in *Greater Los Angeles Agency on Deafness, Inc. v. Cable News*

4   *Network, Inc.*, 742 F.3d 414 (9th Cir. 2014), the plaintiff, who was deaf, alleged that

5   defendant violated the Unruh Act by not offering closed captioning on any news

6   video displayed on CNN.com.  This policy of displaying online video programming

7   without closed captioning applied equally to all CNN.com visitors, hearing-impaired

8   or not.  The Ninth Circuit found that such conduct did not demonstrate "willful,

9   affirmative" misconduct or intentional discrimination and, therefore, could not form

10  the basis of an Unruh Act violation.  *Id*. at 426.  Although hearing-impaired

11  individuals bore the brunt of CNN's neutral policy of not captioning videos, the

12  Ninth Circuit concluded that the disparate impact was insufficient to support an

13  Unruh Act claim as a matter of law.  *Id.* at 426-427.

14          Here, there is absolutely no evidence that Defendant willfully discriminated

15  against Plaintiff.  Indeed, there is no evidence that any employees of Defendant have

16  ever personally interacted with Plaintiff before this lawsuit was filed.  Therefore, to

17  the extent his Unruh claim is *not* premised upon the ADA, it fails as a matter of law.

18                                         **IV.**

19  **TO THE EXTENT THE COURT DOES NOT GRANT SUMMARY**
    **JUDGMENT ON PLAINTIFF'S STATE LAW CLAIMS, THE COURT**

20  **SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION**

21          As the Supreme Court has instructed, once the federal claims are dismissed,

22  courts should decline supplemental jurisdiction over related state-law claims.

23  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, fn. 7 ( 1988); *Wentzka v.*

24  *Gellman*, 991 F.2d 423, 425 (7th Cir. 1993) ("[W]e said quite clearly that, where

25  a federal claim drops out before trial, a district court should not retain the state

26  law claims absent extraordinary circumstances"); *Acri v. Varian Assoc's, Inc.*,

27  114 F.3d 999, 1001 (9th Cir. 1996) ("The Supreme Court has stated, and we

28  have often repeated, that 'in the usual case in which all federal-law claims are

1   eliminated before trial, the balance of factors … will point toward declining to

2   exercise jurisdiction over the remaining state-law claims'").

3     In ADA barrier cases, courts properly and routinely decline supplemental

4   jurisdiction over related state-law access claims once the ADA cause of action

5   has been dismissed. *See, e.g., Brooke v. Peterson*, 185 F.Supp.3d 1203,

6   1212 (C.D. Cal. 2016) (court's interests of judicial economy, convenience,

7   fairness, and comity weigh in favor of declining to exercise supplemental

8   jurisdiction); *Wilson v. Costco Wholesale Corporation,* 426 F.Supp.2d 1115,

9   1124 (S.D. Cal. 2006) ("Because the Court has dismissed all claims over which

10   it has original jurisdiction in this matter, the Court will decline to exercise

11   supplemental jurisdiction over Plaintiffs' remaining state law claims");

12   *Harris v. Stonecrest Care Auto Ctr., LLC,* 472 F.Supp.2d 1208, 1220 (S.D. Cal.

13   2007) (same).

14     In *Rodriguez v. Ralphs Grocery Company,* 2009 WL 1101550 (9th Cir.

15   2009), the Ninth Circuit stated, "if the federal claim is dismissed for lack of

16   subject matter jurisdiction, a district court has no discretion to retain the

17   supplemental claims for adjudication, and must dismiss the state law claims

18   without prejudice." *Id.* at 2. Likewise, in *Oliver v. Ralphs Grocery Company*, 654

19   F.3d 903 (9th Cir. 2011), the Ninth Circuit upheld the district court's decision to

20   decline supplemental jurisdiction over the plaintiff's state-law access claims once

21   his ADA claim had been dismissed.

22     This rule has recently been reaffirmed in cases brought by Plaintiff. *See*

23   *Rutherford v. Econolodge*, 2019 WL 950329, *2 (S.D. Cal. Feb. 27, 2019):

24     Because Rutherford is relying on supplemental jurisdiction to bring
his Unruh claim, he must show the Court has jurisdiction over his

25   ADA claim.  [] Because only injunctive relief is available to
Rutherford under the ADA, [] if he lacks standing to seek injunctive

26   relief, the Court lacks jurisdiction over the entire case. (citations
omitted).

27

28

1    Therefore, the Court should decline to exercise supplemental jurisdiction over

2  Plaintiff's state-law claims.

3                                    **V.**

4                               **CONCLUSION**

5    For the above reasons, Defendant respectfully requests that the Court grant its

6  motion to stay.

7  Dated:  February 28, 2020

8                              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

9

10

11                    By    _____
                                   /s/ *Gregory F. Hurley*
12                                 GREGORY F. HURLEY

13                                 Attorneys for Defendant
                                   JC RESORTS, LLC
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**<u>CERTIFICATE OF SERVICE</u>**

2

3

 I, Gregory F. Hurley, hereby certify that on February 28, 2020, true and

4

correct copies of NOTICE OF MOTION AND MOTION FOR SUMMARY

5

JUDGMENT was served upon all counsel of record via the Court's Electronic Case

6

Filing system.

7

8

         /s/ *Gregory F. Hurley*
         Gregory F. Hurley

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-1-   Case No. 3:19-cv-00665-BEN-NLS
NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT