# Exhibit B

1 | MICHAEL A. HESTRIN
District Attorney

2 | Riverside County
MICHAEL B. SILVERMAN, SBN 156645

3 | Chief Deputy District Attorney
KAMARIA A. HENRY, SBN 204602

4 | Managing Deputy District Attorney
TIMOTHY S. BROWN, SBN 281979

5 | Deputy District Attorney
3960 Orange Street

6 | Riverside, CA 92501
Tel: (951) 955-5400

7

8

*Exempt from fees pursuant to
Government Code § 6103*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

APR 24 2019

A. Hernandez

9

10

11

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF RIVERSIDE

12 | THE PEOPLE OF THE STATE OF CALIFORNIA,

13 |                    Plaintiff,

14 | vs.

15 |

16 | JAMES RUTHERFORD, an individual; THE
ASSOCIATION FOR EQUAL ACCESS, an

17 | unincorporated entity; LAW OFFICES OF BABAK
HASHEMI; BABAK HASHEMI, an individual;

18 | MANNING LAW APC; JOSEPH R. MANNING JR.,
an individual; MICHAEL J. MANNING, an

19 | individual; CRAIG COTE, an individual; and DOES
1-25, inclusive,

20 |

21 |                    Defendants.

Case No. RIC 1902577

**COMPLAINT FOR PERMANENT
INJUNCTION, CIVIL PENALTIES AND
OTHER EQUITABLE RELIEF**

*[Verified answer required per CCP § 446]*

24      Plaintiff, the PEOPLE OF THE STATE OF CALIFORNIA, by and through its attorneys,

25 Michael A. Hestrin, District Attorney of Riverside County and Kamaria A. Henry, Managing Deputy

26 District Attorney and Timothy S. Brown, Deputy District Attorney, acting on information and belief,

27 allege as follows:

28

1

COMPLAINT FOR PERMANENT INJUNCTION, CIVIL PENALTIES AND OTHER EQUITABLE RELIEF

## PLAINTIFF'S AUTHORITY AND STATUTORY BACKGROUND

1.      Pursuant to Business and Professions Code sections 17200, 17203, 17204 and 17206, District Attorneys may bring a civil action in the name of the People of the State of California to enjoin any person who engages, has engaged, or proposes to engage in unfair competition, as defined in Business and Professions Code section 17200, and to obtain mandatory civil penalties for each act of unfair competition.

2.      Unfair competition is defined in Business and Professions Code section 17200 as, "any unlawful, unfair or fraudulent business act or practice" and "any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code."

3.      Pursuant to Business and Professions Code section 17203, any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction and the court may make such orders or judgments to prevent the use of any practice which constitutes unfair competition, or as may be necessary to restore to any person in interest any money or property which may have been acquired by means of such unfair competition.

4.      Pursuant to Business and Professions Code section 17206, any person who engages, has engaged, or proposes to engage in unfair competition shall be liable for a civil penalty not to exceed $2,500 dollars for each violation.

5.      Pursuant to Business and Professions Code section 17205, the remedies or penalties provided for violations of Business and Professions Code section 17200, et seq., are cumulative to one another and to the remedies or penalties available under all other laws of the State of California.

6.      The authority of the District Attorney of Riverside County to bring this action derives from Business and Professions Code sections 17204 and 17206. Pursuant to Business and Professions Code section 17204, "relief pursuant to this chapter shall be prosecuted exclusively in a court of competent jurisdiction by the Attorney General or a district attorney…" and pursuant to Business and Professions Code section 17206, similar authority is conferred on any district attorney to assess and recover a civil penalty for violation of section 17200 by way of a civil action.

2

## DEFENDANTS

7.     Defendant JAMES RUTHERFORD ("Rutherford") is an individual who resides in Rancho Mirage, in Riverside County, California.  Rutherford is a party-plaintiff in some 120 lawsuits that allege Americans with Disability Act ("ADA" - 42 USCS 12181, et seq.) violations against various Riverside County individuals and/or businesses.

8.     Defendant THE ASSOCIATION FOR EQUAL ACCESS ("A4EA") is an unincorporated entity, located in Cathedral City, in Riverside County, California (www.a4ea.com).  Rutherford founded A4EA.  A4EA is a party-plaintiff in some 26 lawsuits in which Rutherford is also a party-plaintiff that allege ADA violations against various Riverside County individuals and/or businesses.

9.     Defendant LAW OFFICES OF BABAK HASHEMI ("Hashemi Law") is a law firm, operated by attorney Babak Hashemi, formerly located at 4667 MacArthur Boulevard, Suite 150, in Newport Beach, California, and currently located at 20062 SW Birch Street #200, Newport Beach, California.  Hashemi Law has filed some 26 of the ADA lawsuits in which Rutherford and A4EA have alleged ADA violations against numerous Riverside County individuals and/or businesses.

10.     Defendant BABAK HASHEMI ("Hashemi") is an individual who has filed some 26 of the ADA lawsuits in which Rutherford and A4EA have alleged ADA violations against numerous Riverside County individuals and/or businesses.

11.     Defendant MANNING LAW, APC ("Manning Law") is a law firm, operated by attorneys Joseph R. Manning, Jr., Michael J. Manning, and Craig G. Cote, formerly located at 4667 MacArthur Boulevard, Suite 150, in Newport Beach, California, and currently located at 20062 SW Birch Street #200, Newport Beach, California.  Manning Law has filed some 94 of the ADA lawsuits in which Rutherford has alleged ADA violations against numerous Riverside County individuals and/or businesses.

12.     Defendant JOSEPH R. MANNING, JR. ("Manning Jr.") is an individual who has filed some 94 of the ADA lawsuits in which Rutherford has alleged ADA violations against numerous Riverside County individuals and/or businesses.

COMPLAINT FOR PERMANENT INJUNCTION, CIVIL PENALTIES AND OTHER EQUITABLE RELIEF

13.     Defendant MICHAEL J. MANNING ("Manning") is an individual who has filed some 94 of the ADA lawsuits in which Rutherford has alleged ADA violations against numerous Riverside County individuals and/or businesses.

14.     Defendant CRAIG COTE ("Cote") is an individual who has filed some 94 of the ADA lawsuits in which Rutherford has alleged ADA violations against numerous Riverside County individuals and/or businesses.

15.     Collectively – Rutherford, A4EA, Hashemi Law, Hashemi, Manning Law, Manning Jr., Manning and Cote ("Defendants") - filed and/or conspired to file some 120 lawsuits, based on alleged ADA violations, against numerous Riverside County individuals and businesses.

16.     The true names and capacities of defendants sued in this Complaint under the fictitious names of DOES 1 to 25 are unknown to the People at this time, and the People therefore sue said defendants by such fictitious names pursuant to Code of Civil Procedure section 474.  The People allege that defendants DOES 1 to 25 are in some manner responsible for the events alleged herein.  The People will seek leave to amend this Complaint to show their true names and capacities when said has been determined.

17.     Whenever reference is made in this Complaint to any act of Defendants, individually or collectively, unless otherwise specified, such allegation(s) shall be deemed to mean the act of each Defendant acting jointly and severally.

## GENERAL ALLEGATIONS

18.     As of the date of this Complaint, Defendants have filed some 323 lawsuits, based on alleged violations of the Americans with Disabilities Act ["ADA" - 42 USCS § 12181 et seq.].  As of the date of this Complaint, Defendants have filed some 300 ADA lawsuits in federal court (namely, the Central District of California and the Southern District of California), some 120 of which, filed in the Central District, resulted in lawsuits against Riverside County individuals and/or businesses (the "federal ADA lawsuit(s)").  Defendants have also filed an additional 22 lawsuits, based on alleged

4

violations of the Unruh Civil Rights Act ["Unruh Act" - Civil Code § 51 et seq.], in the Riverside County Superior Court against Riverside County individuals and/or businesses.

19.     In each and every federal ADA lawsuit, Defendants name Rutherford as a party-plaintiff. Typically, Manning Law files lawsuits on behalf of Rutherford only; typically, Hashemi Law files lawsuits on behalf of Rutherford and A4EA.

20.     The federal ADA lawsuits follow the same pleading pattern and contain, generally, the same boilerplate allegations, except, the identity of the named defendants, the date of alleged harm and to some extent, the violations that Defendants claim as the harm Rutherford suffered.

21.     The federal ADA lawsuits also rely on a few core misrepresentations, which the People have identified as the foundation to the fraud Defendants have perpetrated on each and every Riverside County individual and/or business sued in the federal ADA lawsuits:

    a.   First, Rutherford alleges in the first paragraph of the federal ADA lawsuits that he is a California resident with a qualified disability [*see* 42 USCS § 12102(2)], and as a result of said disability, that he relies on mobility devices to ambulate, including at times, a rollator walker and/or wheelchair.  In some of the federal ADA lawsuits, Rutherford is more precise with his alleged disability, claiming that he suffers from "spinal stenosis aggravated by a herniated disc" and an "arthritic condition in [his] thumbs, which interferes with [his] ability to grab, twist, and turn objects."

    b.   Second, Rutherford alleges that on a specific date, or in a given month, that he attempted to visit the business of the sued defendant(s) in the federal ADA lawsuit.  Defendants typically offer a generic reason for Rutherford's alleged visit to the sued business, such as, "to get lunch" or "to avail himself of the goods and services offered to the public."

    c.   Third, Defendants allege that Rutherford encountered an "architectural barrier" at the defendant business.[1]  More often than not, Defendants allege that Rutherford encountered

---

[1] Defendants' claims of architectural barriers derive from the construction and access guidelines located in the Americans with Disability Act Accessibility Guidelines ("ADAAG").  ADAAG was drafted and is updated by the United States Access Board and is relied upon by the United States Department of Justice in setting enforcement standards.

5

COMPLAINT FOR PERMANENT INJUNCTION, CIVIL PENALTIES AND OTHER EQUITABLE RELIEF

non-compliant handicap van accessible parking spaces or signage; curb ramps that project into parking spaces or fail slope requirements; non-complaint access routes to the front of the business, and/or technical violations that relate to these categories.

d.  Fourth, after noting the initial architectural barrier Rutherford allegedly encountered, Defendants note several other violations, often a combination of the above, or those that relate to violations located inside the business, that allegedly relate to Rutherford.[2]

e.  Fifth, Defendants claim that as a result of the architectural barriers Rutherford encountered, that he was deterred from patronizing the business; that he suffered difficulty, humiliation and/or frustration; and that he intends to return to the business for the dual purpose of availing himself of the goods and services and to ensure that the business is complying with the ADAAG.

f.  Sixth, Defendants allege as their first cause of action, a violation of the ADA (42 USCS § 12181 et seq.) – this provides Defendants federal question jurisdiction and, on paper, provides Rutherford with Article III standing to litigate the federal ADA lawsuits in the federal forum.  Notably, remedies under the federal ADA statute are injunctive in nature and do not provide for monetary damages.

g.  Seventh, Defendants allege as their second cause of action, a violation of the Unruh Act (Civil Code § 51 et seq.) – this effectively weaponizes the federal ADA lawsuits because, based on supplemental jurisdiction, Defendants are free to pursue their state claim in the federal forum.  Remedies under the Unruh Act provide for a mandatory minimum of $4,000 in money damages and any attorney's fees deemed appropriate.

///

///

---

[2] In the federal ADA lawsuits, Defendants cite *Doran v. 7-Eleven, Inc.* (2008) 524 F.3d 1034, which stands for the premise that "an ADA plaintiff who has Article III standing as a result of at least one barrier at a place of public accommodation may, in one suit, permissibly challenge all barriers in that public accommodation that are related to his or her specific disability." (*Doran* at p. 1047.)

COMPLAINT FOR PERMANENT INJUNCTION, CIVIL PENALTIES AND OTHER EQUITABLE RELIEF

h.   Eighth, by filing in the federal forum, Defendants avoid the heightened pleading requirements that attach to "high frequency litigants" like Rutherford, in the event he were forced to file his Unruh Act claims in the state forum.[3]

22.   The People express no opinion as to whether Rutherford is or is not disabled, and/or whether Rutherford is or is not a member of a protected class by way of a qualified disability.

23.   The People allege that, based on his claimed disabilities, Rutherford was not denied, by way of any architectural barrier, full and equal access and/or full and equal enjoyment of any of the facilities, services, goods and/or amenities at the businesses sued in Defendants' federal ADA lawsuits.

24.   The People allege that Rutherford did not visit any of the businesses sued in Defendants' federal ADA lawsuits for good faith purposes, rather, Rutherford specifically visited each and every business sued in Defendants' federal ADA lawsuits, if at all, for the sole purpose of initiating a subsequent federal ADA lawsuit against those businesses.

25.   The People allege that Rutherford had no good faith intention to return to any of the businesses sued in Defendants' federal ADA lawsuits, and in fact did not return to any of the businesses sued in Defendants' federal ADA lawsuits after filing said lawsuits.

26.   Rutherford lacked standing to file and maintain each and every one of Defendants' federal ADA lawsuits, and Defendants were aware of this lack of standing at the time each and every one of their federal ADA lawsuits were filed and settled.

27.   Defendants colluded, conspired and/or otherwise agreed to engage in an ADA lawsuit scheme, designed to defraud, extract and/or extort money settlements from Riverside County individuals and businesses, based on the fraud, misrepresentations and false allegations contained in each and every one of the federal ADA lawsuits.

///

///

---

[3] See Code of Civil Procedure sections 425.55(b), 425.50(a).

7

COMPLAINT FOR PERMANENT INJUNCTION, CIVIL PENALTIES AND OTHER EQUITABLE RELIEF

## SPECIFIC ALLEGATIONS AND STATUTORY VIOLATIONS

***Rutherford was never denied, by way of any architectural barriers, full access and/or full enjoyment at any of the businesses sued in Defendants' federal ADA lawsuits***

28.     Rutherford has been observed on multiple occasions, walking and ambulating without difficulty.  Rutherford has been observed holding and/or using a cane, however Rutherford's use of a cane appears to be an accessory to his daily activities, rather than a device Rutherford relies upon to commence or complete his daily activities.

29.     As an example, Rutherford was observed walking from his vehicle in the valet queue of a particular business to the entrance of that business without his cane, then walking out of the business several hours later.  On another occasion, Rutherford was observed walking into the same business with his cane, then leaving several hours later *without* his cane.

30.     On other occasions, Rutherford has been observed entering a particular business, bypassing the two sets of automatic doors (aka the "handicap doors" that open automatically by pressing a large round disc with the blue and white handicap symbol) offered by that business, and instead opting to manually grab, pull and open two sets of non-automatic doors.  Rutherford has been observed engaging in this same behavior while leaving that particular business.

31.     On one occasion, Rutherford was observed manually grabbing, pulling and opening a set of *automatic* doors, then walking into the business.  This occurred at the same particular business where Rutherford has been observed, on numerous occasions, engaging in behavior that is inconsistent with the claims in Defendants' federal ADA lawsuits.

32.     On another occasion, Rutherford was observed leaving the MacArthur Centre (the former location of Manning Law), holding his cane (not relying on it) and walking down the middle of the flight of stairs to his vehicle in the parking lot.  On that occasion, it was observed that Rutherford did not use the handicap lift near the stairwell, Rutherford did not use the handrails on either side of the flight of stairs, and Rutherford did not park in a handicapped designated parking space.  Such behavior is inconsistent with the claims in Defendants' federal ADA lawsuits.

COMPLAINT FOR PERMANENT INJUNCTION, CIVIL PENALTIES AND OTHER EQUITABLE RELIEF

33.   The People allege that Rutherford has not, and does not, use or rely upon a rollator walker or wheelchair.

34.   Threshold standing requirements to maintain an ADA claim in federal court require a plaintiff to demonstrate an injury-in-fact, traceable to the business sued.[4]   Rutherford's ability to ambulate or otherwise walk without an aid device, and his ability to grasp, pull and open doors are inconsistent with his claimed limitations in Defendants' federal ADA lawsuits.

35.   The People thus allege that Rutherford was never denied, by way of any architectural barriers, full access and/or full enjoyment at any of the businesses sued in Defendants' federal ADA lawsuits.   The People further allege that Defendants knew Rutherford was never denied full access and/or full enjoyment at any of the businesses sued in the federal ADA lawsuits at the time each and every one of the federal ADA lawsuits were filed, and at the time each and every one of the federal ADA lawsuits were settled.

### Rutherford visited, if at all, each and every one of the businesses sued in the federal ADA lawsuits for the sole purpose of initiating a subsequent lawsuit

36.   The People allege that the businesses sued in Defendants' federal ADA lawsuits do not have any record of Rutherford entering their businesses, including but not limited to, video evidence, purchase or appointment records, or verbal or written complaints regarding the alleged ADA deficiencies Defendants claim Rutherford encountered at the time of his alleged visits.

37.   As an example, one of Defendants' federal ADA lawsuits concerned a particular business that maintains strict privacy and does not allow the public to access their property unless an appointment is reserved in advance.   This particular business had no record of Rutherford reserving an appointment or otherwise ever coming to their property, including the date Defendants claim Rutherford encountered architectural barriers there.   This means that Rutherford never accessed the grounds at that particular business, thus Defendants' allegations in that particular federal ADA lawsuit were false.

---

[4] See *Chapman v. Pier 1 Imps. (U.S.), Inc.* (2011) 631 F.3d 939, 946; *Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC* (2014) 753 F.3d 862, 867; see also *Vogel v. Sym Props., LLC* (C.D. Cal.) 2017 U.S. Dist. LEXIS 214360, *4-6.

9

38.     The volume of the federal ADA lawsuits filed by Defendants undermines their claimed reasons for each of Rutherford's visits to the businesses sued therein.[5]  Said differently, the reasons for Rutherford's alleged visits to the businesses sued in the federal ADA lawsuits are contrived and nonsensical.

39.     As an example, in one of the federal ADA lawsuits, Defendants allege that Rutherford traveled to a particular business, located some 70 miles from his home, to "purchase an item." Incidentally, there are two branches of the same business, that offer all of the same items for purchase, located some 12 miles and 21 miles from Rutherford's home.  Defendants also sued both of those locations in their federal ADA lawsuits.  Defendants' claim that Rutherford traveled to a particular business located some 70 miles from his home, knowing that branch locations for that same business offered the same items for sale at two locations near Rutherford's home, are not credible.  Such facts cast doubt on Defendants' credibility, a factor that weighs in an evaluation of a litigant's standing to maintain a federal ADA claim.[6]

40.     The People allege that in most instances, if not all, Rutherford never stepped foot inside the businesses Defendants later sued in their federal ADA lawsuits.  The People further allege that Rutherford, at most, and if at all, drove his vehicle into the parking lots of the businesses later sued in the federal ADA lawsuits.  Such is a blatant standing failure that the People allege Defendants were aware of at the time each and every one of the federal ADA lawsuits were filed and settled.

***Rutherford had no intention to return to any of the businesses in the federal ADA lawsuits***

41.     The People allege that Rutherford has not returned to any of the businesses sued in the federal ADA lawsuits.  An ADA litigant's likelihood and/or good faith intention to return to a business sued is a factor in whether he has standing to maintain a federal ADA claim.[7]

---

[5] As of the date of the People's Complaint, Defendants have filed in excess of 300 ADA lawsuits on behalf of Rutherford, some 120 of which were filed against Riverside County individuals and businesses.

[6] See, e.g., *Molski v. Kahn Winery* (2005) 405 F.Supp.2d 1160, 1164-1167.

[7] See, e.g., *Molski, supra,* 405 F.Supp.2d at pp. 1164-1167; *Harris v. Stonecrest Care Auto Ctr., LLC* (S.D. Cal. 2007) 472 F.Supp.2d 1208, 1215-1216; *Brooke v. Kalthia Grp. Hotels* (S.D. Cal.) 2015 U.S. Dist. LEXIS 156163, *10-18; *Vogel, supra,* 2017 U.S. Dist. LEXIS, *10-15.

COMPLAINT FOR PERMANENT INJUNCTION, CIVIL PENALTIES AND OTHER EQUITABLE RELIEF

42.     Defendants' federal ADA lawsuits involve numerous businesses located in excess of 50 miles from Rutherford's home, in areas such as Moreno Valley, Hemet, Perris, Riverside, Corona, Temecula and Murrieta; the People further allege that Rutherford had no legitimate purpose for being in those areas, other than to scout and surveil future targets for Defendants' ADA lawsuit scheme.

### *The Association for Equal Access is an entity controlled by Rutherford and was used by Defendants to leverage settlements from those sued in the federal ADA lawsuits*

43.     Along with Rutherford, A4EA is a co-plaintiff in many of Defendants' federal ADA lawsuits. A4EA is presented as an association with "members" and based on the allegations in the federal ADA lawsuits, is an entity that seeks to safeguard those members' disability rights. The People allege that A4EA has no more than a few members, and that it was formed and is operated by Rutherford.

44.     The People allege that A4EA is nothing more than a website, that its representation as an entity with active membership is a fiction designed to defraud, and that the entity merely served as leverage used by Defendants to increase fear and exact settlements from the individuals and businesses sued in the federal ADA lawsuits.

### *Resultant statutory violations*

45.     Pursuant to Penal Code section 487, grand theft is the taking of monies or personal property, in an amount or value exceeding $950. Grand theft by false pretenses is theft that occurs by a knowing and intentional deceit of a property owner by false or fraudulent pretenses, with the intent to persuade the property owner to give up possession and ownership of their property, that results in the property owner's reliance on the misrepresentation(s).[8]

46.     The People allege that Defendants intentionally communicated, in each and every one of their federal ADA lawsuits, multiple false allegations, misrepresentations and implications, in an effort to obtain and/or extort monies from the individuals and businesses sued therein.

---

[8] (See, e.g., Pen. Code, § 484; Pen. Code, § 532; CALCRIM 1804.)

COMPLAINT FOR PERMANENT INJUNCTION, CIVIL PENALTIES AND OTHER EQUITABLE RELIEF

47.     The People allege that Defendants' false allegations, misrepresentations and implications in their federal ADA lawsuits did in fact result in Defendants' obtaining of monies at the expense and to the financial detriment of their victims, the individuals and businesses sued therein.

48.     Pursuant to Penal Code section 523, extortion by writing occurs when one, with the intent to extort property from another, sends or delivers to any person, any letter or other writing that expresses, implies, or is adapted to imply, a threat, such as to commit an unlawful injury to the person or property of the individual threatened.

49.     The People allege that Defendants intentionally caused some 120 lawsuits to be served on Riverside County individuals and businesses; that each and every one of the approximately 120 lawsuits (the federal ADA lawsuits) expressed, implied or were adapted to imply a threat, specifically, that in the "prayer for relief" of each of the federal ADA lawsuits, Defendants threatened a jury trial, threatened to recover attorney's fees and litigation expenses, threatened to recover $4,000 in deterrence damages, and threatened to recover statutory damages of not less than $4,000; that these threats were made to obtain money belonging to each of the individuals and businesses sued in Defendants' federal ADA lawsuits; and that these threats were unlawful because Defendants had no standing to file and maintain their federal ADA lawsuits, and/or that Defendants' federal ADA lawsuits contained multiple false allegations, misrepresentations and implications.

50.     The People allege that Defendants' threats did in fact result in Defendants' obtaining of monies at the expense and to the financial detriment of their victims, the individuals and businesses sued in Defendants' federal ADA lawsuits.

51.     Pursuant to Business and Professions Code section 6106, an attorney who commits any act involving moral turpitude or dishonesty, whether in the course of his relations as an attorney or otherwise, may be disbarred or suspended - if such act constitutes a felony or misdemeanor, conviction thereof in a criminal proceeding is not a condition precedent to disbarment or suspension.

52.     The People allege that Hashemi, Manning Jr., Manning and Cote all individually and jointly caused the federal ADA lawsuits to be drafted, filed and served, and in so doing, caused, allowed

COMPLAINT FOR PERMANENT INJUNCTION, CIVIL PENALTIES AND OTHER EQUITABLE RELIEF

and/or intended for Riverside County individuals and businesses to part with their money based on the false allegations, misrepresentations and implications contained in Defendants' federal ADA lawsuits.

53.    The People allege that Hashemi, Manning Jr., Manning and Cote thus profited at the expense and to the financial detriment of their victims, the individuals and businesses sued in Defendants' federal ADA lawsuits, based on Defendants' fraudulent ADA lawsuit scheme.

54.    Pursuant to Business and Professions Code section 6128, every attorney is guilty of a misdemeanor, when he engages in deceit or collusion, or consents to any deceit or collusion, with the intent to deceive the court or any party.

55.    The People allege that Hashemi, Manning Jr., Manning and Cote all individually and jointly caused the federal ADA lawsuits to be drafted, filed and served, and in so doing, engaged in deceit and collusion by acting with the intent for Riverside County individuals and businesses to part with their monies based on the false allegations, misrepresentations and implications contained in Defendants' federal ADA lawsuits.

56.    The People further allege that Hashemi, Manning Jr., Manning and Cote engaged in deceit and collusion by acting with the intent to deceive the court (specifically, the United States District Court, Central District of California) by drafting and filing the federal ADA lawsuits knowing said lawsuits contained false allegations and misrepresentations.

57.    Business and Professions Code section 17500 prohibits false and/or misleading statements by persons, firms or associations operating in the State of California.  Section 17500 prevents the making of any untrue or misleading statement, or in connection with the performance of services, if said statement is likely to deceive or mislead.

58.    The People allege that Defendants communicated, in each and every one of their federal ADA lawsuits, multiple false allegations and misrepresentations, and in so doing, Defendants caused thousands of false statements to be made that were likely to deceive and mislead, and in fact did deceive and mislead, Riverside County individuals and businesses.

13

COMPLAINT FOR PERMANENT INJUNCTION, CIVIL PENALTIES AND OTHER EQUITABLE RELIEF

59.     Pursuant to Rules of Professional Conduct, Rule 1-120, a member of the California State Bar shall not knowingly assist in, solicit, or induce any violation of the rules of Professional Conduct or the State Bar Act (Business and Professions Code section 6000, et seq.).

60.     The People allege that Hashemi, Manning Jr., Manning and Cote all individually and jointly caused the federal ADA lawsuits to be drafted, filed and served, and in so doing, knowingly assisted in, induced and in fact caused violations of Rule 3-200 (thereby violating Rule 1-120), by seeking, accepting and continuing employment on behalf of and in coordination with Rutherford and one another, knowing that the objective of working on behalf of and in coordination with Rutherford and one another, was to advance Defendants' ADA lawsuit scheme, a scheme designed to part Riverside County individuals and businesses from their money, based on false allegations and misrepresentations.

61.     Pursuant to Rules of Professional Conduct, Rule 3-200, a member of the California State Bar shall not seek, accept, or continue employment if the member knows or should know that the objective of such employment is to bring an action or assert a position in litigation without probable cause and for the purpose of harassing or maliciously injuring any person.

62.     The People allege that Hashemi, Manning Jr., Manning and Cote all individually and jointly caused the federal ADA lawsuits to be drafted, filed and served, and did so without probable cause and based on false allegations and misrepresentations, at the expense and to the financial detriment of their victims, the individuals and businesses sued in Defendants' federal ADA lawsuits.

## **FIRST CAUSE OF ACTION**

### **(Business & Professions Code section 17200 – Unfair Competition)**

63.     The People reallege and incorporate by reference the allegations contained in paragraphs 1 through 62, as though fully set forth herein.

64.     Beginning on an exact date unknown to the People, but at least with the first of Defendants' federal ADA lawsuits, and continuing with each of Defendants' federal ADA lawsuits filed thereafter, Defendants engaged in acts of unlawful, unfair and fraudulent business practices in the

14

COMPLAINT FOR PERMANENT INJUNCTION, CIVIL PENALTIES AND OTHER EQUITABLE RELIEF

conduct of their ADA lawsuit scheme, within the meaning of Business and Professions Code section 17200, including but not limited to, the following examples:

a. Knowing that such allegations and/or representations were false and/or misleading, claiming that Rutherford was denied, by way of architectural barriers, full and equal access and/or full and equal enjoyment of the facilities, services, goods and/or amenities at the businesses sued in each of the federal ADA lawsuits;

b. Knowing that such allegations and/or representations were false and/or misleading, claiming that Rutherford visited the businesses sued in each of the federal ADA lawsuits for good faith purposes and/or for purposes other than to file a subsequent lawsuit;

c. Knowing that such allegations and/or representations were false and/or misleading, claiming that Rutherford intended to return to the businesses sued in each of the federal ADA lawsuits;

d. Knowing that Rutherford lacked standing to pursue each of the federal ADA lawsuits, causing the federal ADA lawsuits to be drafted, filed and served on each of the individual and business defendants sued therein;

e. Engaging in repeated patterns of surveillance or "drive-by" activity of businesses that were later sued when Defendants knew, or reasonably should have known, that Rutherford never entered or attempted to enter, said businesses;

f. Knowing that such allegations and/or representations were false and/or misleading, claiming in each of the federal ADA lawsuits that Rutherford relied, at times, on a wheelchair or rollator walker;

g. Knowing that such allegations and/or representations were false and/or misleading, claiming that A4EA was an advocacy group with "members" when in fact, A4EA has no more than a few members and is owned and operated by Rutherford with an online presence only;

h. Knowing that such reliance was false and/or misleading, using the case of *Doran v. 7-*

15

*Eleven, Inc.* (2008) 524 F.3d 1034, as settlement leverage against those sued in the federal ADA lawsuits.

65. Defendants have engaged in unlawful, unfair, and fraudulent business practices in violation of Business and Professions Code section 17200. Unless enjoined by order of this Court, Defendants may continue to engage in such practices.

## SECOND CAUSE OF ACTION

### (Business & Professions Code section 17500 – False Statements)

66. The People reallege and incorporate by reference the allegations contained in paragraphs 1 through 65, as though fully set forth herein.

67. Beginning on an exact date unknown to the People, but at least with the first of Defendants' federal ADA lawsuits, and continuing with each of Defendants' federal ADA lawsuits filed thereafter, Defendants caused false and/or misleading statements to be made in writing and verbally to each and every of the individuals and businesses sued in Defendants' federal ADA lawsuits, which Defendants knew or with reasonable care should have known, were false and/or misleading, within the meaning of, and in violation of, Business and Professions Code section 17500, including but not limited to, the following examples:

a. Knowing that such allegations and/or representations were false and/or misleading, claiming that Rutherford was denied, by way of architectural barriers, full and equal access and/or full and equal enjoyment of the facilities, services, goods and amenities at the businesses sued in each of the federal ADA lawsuits;

b. Knowing that such allegations and/or representations were false and/or misleading, claiming that Rutherford visited the businesses sued in each of the federal ADA lawsuits for good faith purposes and/or for purposes other than to file a subsequent lawsuit;

c. Knowing that such allegations and/or representations were false and/or misleading, claiming that Rutherford intended to return to the businesses sued in each of the federal

16

ADA lawsuits;

    d.  Knowing that Rutherford lacked standing to pursue each of the federal ADA lawsuits, causing the federal ADA lawsuits to be drafted, filed and served on each of the individual and business defendants sued therein;

    e.  Engaging in repeated patterns of surveillance or "drive-by" activity of businesses that were later sued when Defendants knew, or reasonably should have known, that Rutherford never entered or attempted to enter, said businesses;

    f.  Knowing that such allegations and/or representations were false and/or misleading, claiming in each of the federal ADA lawsuits that Rutherford relied, at times, on a wheelchair or rollator walker;

    g.  Knowing that such allegations and/or representations were false and/or misleading, claiming that A4EA was an advocacy group with "members" when in fact, A4EA has no more than a few members and is owned and operated by Rutherford with an online presence only;

    h.  Knowing that such reliance was false and/or misleading, using the case of *Doran v. 7-Eleven, Inc.* (2008) 524 F.3d 1034, as settlement leverage against those sued in the federal ADA lawsuits.

    68.  Defendants have engaged in and caused false and misleading statements to be made in violation of Business and Professions Code section 17500. Unless enjoined by order of this Court, Defendants may continue to engage in such practices.

///
///
///
///
///

17

**PRAYER**

WHEREFORE the People pray for judgment as follows:

1.    Pursuant to Business and Professions Code sections 17203 and 17204, that Defendants RUTHERFORD, A4EA, HASEHMI LAW, HASHEMI, MANNING LAW, MANNING JR., MANNING and COTE, to include the owners, officers, directors, managers, agents, successors, assignees and representatives, and all natural persons, partnerships, corporations or other entities acting for, under, by, through and/or on behalf of RUTHERFORD, A4EA, HASEHMI LAW, HASHEMI, MANNING LAW, MANNING JR., MANNING and COTE, be permanently enjoined and restrained from engaging in unfair competition as defined in Business and Professions Code section 17200, including but not limited to, the unlawful, unfair and fraudulent business practices as alleged herein and in the People's first cause of action.

2.    Pursuant to Business and Professions Code sections 17206 and 17536, that the Court assess a civil penalty in the amount of two thousand five hundred dollars ($2,500) against Defendants RUTHERFORD, A4EA, HASEHMI LAW, HASHEMI, MANNING LAW, MANNING JR., MANNING and COTE, for each and every violation of Business and Professions Code sections 17200 et seq. and 17500 et seq., as alleged herein and in the People's first and second causes of action. The People request a civil penalty of no less than one million dollars ($1,000,000) be imposed against each of the Defendants RUTHERFORD, A4EA, HASEHMI LAW, HASHEMI, MANNING LAW, MANNING JR., MANNING and COTE.

3.    That Defendants RUTHERFORD, A4EA, HASEHMI LAW, HASHEMI, MANNING LAW, MANNING JR., MANNING and COTE make full restitution to all of the victims of Defendants' ADA lawsuit scheme, for Defendants' acts of unlawful, unfair and fraudulent business practices and other unlawful conduct, in an amount to be determined.

4.    That the People recover investigation costs.

5.    Any such further relief as the Court deems just and proper.

18

COMPLAINT FOR PERMANENT INJUNCTION, CIVIL PENALTIES AND OTHER EQUITABLE RELIEF

1

2    Dated: __4/24/19__                     Respectfully submitted,

3                                      MICHAEL A. HESTRIN

4                                      District Attorney, Riverside County

5

6

7                   By:                                                      
Timothy S. Brown

8                                     Deputy District Attorney

9

10

11   NOTICE:   The People's action may not be removed to federal court.  (*City of Chi. v. Int'l College of*

12                   *Surgeons* (1997) 522 U.S. 156, 163 [propriety of removal depends on whether the case
originally could have been filed in the federal forum]; see also *California v. Beltz Travel*

13                   *Service, Inc.* (1974) 379 F.Supp. 948, 950.)

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19