SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GREGORY F. HURLEY, Cal. Bar No. 126791
BRADLEY J. LEIMKUHLER, Cal Bar No. 261024
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626-1993
Telephone: 714.513.5100
Facsimile: 714.513.5130
Email:    ghurley@sheppardmullin.com
          bleimkuhler@sheppardmullin.com

Attorneys for Defendant
JC RESORTS, LLC

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, an individual,<br><br>Plaintiff,<br><br>v.<br><br>JC RESORTS, LLC a Delaware limited liability company; and DOES 1 through 50 inclusive,<br><br>Defendants. | Case No. 3:19-cv-00665-BEN-NLS<br><br>**DECLARATION OF BRYAN FLOOD IN SUPPORT OF DEFENDANT JC RESORTS, LLC'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date: March 30, 2020<br>Time: 10:30 a.m.<br>Dept.: 5A<br>Judge: Hon. Roger T. Benitez<br><br>Action Filed: February 27, 2019<br>Trial Date: None Set |

## DECLARATION OF BRYAN FLOOD

I, Bryan Flood, declare as follows:

1. I am the Director of Rooms for Defendant, JC Resorts, LLC ("Defendant"). As part of my job responsibilities, I am familiar with the website for the Rancho Bernardo Inn (the "Inn"), located at https://www.ranchobernardoinn.com/ (the "Website") including the manner in which it offers accessible guest rooms and describes the accessibility features of those rooms to the public. I am also familiar with the Inn's policy regarding reserving accessible rooms for disabled guests. I am also familiar with the Inn's reservations system. If called as a witness, I could and would competently testify to all facts within my personal knowledge except where stated upon information and belief. This declaration is submitted in support of Defendant's Motion For Summary Judgment ("Motion").

2. According the Inn's reservations system, Plaintiff James Rutherford ("Plaintiff") never contacted the Inn about attempting to reserve a room and the Inn has no record of Plaintiff ever actually reserving a guest room at the Inn.

3. Defendant's hotel reservation's policy is, and has always been since before Plaintiff's lawsuit was filed, to (1) ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms; (2) identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs; (3) ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type; (4) reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations

systems; and (5) guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

4. Defendant also trains its staff to accommodate any reasonable request made by a person with a disability to ensure they have the same experience as a non-disabled individual. This includes providing information to its reservations staff about the accessibility of the Inn, including its guest rooms, pool, spa, golf facilities, restaurants, and grounds.

5. The Website provides information about the accessibility of the Inn's guest rooms and suites. For example, if a guest performs a search for an available room at the Inn on a given date, there is a tab present that states "Accessible." For each room, there is information about the room's accessibility features. For example, the "Clasico King-Accessible" room states that it contains a roll-in shower and grab bars in both the tub and shower. As another example, the "Terraza 2 Queens-Accessible" room states that it has an accessible tub and grab bars in both the tub and shower. Attached as Exhibit C is a true and correct copy of a screenshot taken from the Website in February 2020, demonstrating this information.

6. In addition, in the "stay planner" section of the Website, disabled guests may click on an option for accessible rooms. Guests may also put specific comments on the form to allow disabled guests the ability to specifically request accommodations for their disabilities. This form allows hotel staff to customize and plan their stay. Attached as Exhibits D, E, and F are true and correct copies of screenshots taken from the Website in February 2020, demonstrating this information.

7. Disabled guests with additional questions are encouraged to contact the Inn. Under the "contact us" page of the Website, guests are given the option to call numerous departments, email addresses are provided, as well as an online form that guests can complete to contact the Inn. Attached as Exhibit G is a true and correct

copy of a screenshot taken from the Website in February 2020, demonstrating this information.

8. At all times, staff at the Inn were ready, willing and able to assist Plaintiff book a room, answer any questions about the accessibility of the subject property, and help Plaintiff overcome any accessibility issues.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 25th day of February, 2020, at San Diego, California.

_____
Bryan Flood

# CERTIFICATE OF SERVICE

I, Gregory F. Hurley, hereby certify that on February 28, 2020, true and correct copies of DECLARATION OF BRYAN FLOOD IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT was served upon all counsel of record via the Court's Electronic Case Filing system.

/s/ *Gregory F. Hurley*
Gregory F. Hurley