SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GREGORY F. HURLEY, Cal. Bar No. 126791
BRADLEY J. LEIMKUHLER, Cal Bar No. 261024
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626-1993
Telephone: 714.513.5100
Facsimile: 714.513.5130
Email:      ghurley@sheppardmullin.com
            bleimkuhler@sheppardmullin.com

Attorneys for Defendant
JC RESORTS, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, an individual,<br><br>Plaintiff,<br><br>v.<br><br>JC RESORTS, LLC a Delaware limited liability company; and DOES 1 through 50 inclusive,<br><br>Defendants. | Case No. 3:19-cv-00665-BEN-NLS<br><br>**REPLY IN SUPPORT OF DEFENDANT JC RESORTS, LLC'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:  March 30, 2020<br>Time:  10:30 a.m.<br>Dept.: 5A<br>Judge: Hon. Roger T. Benitez<br><br>Action Filed:  February 27, 2019<br>Trial Date:     None Set |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................ 1

II. ARGUMENT ......................................................................................................2

    A. Plaintiff Has Failed To Allege A Cause of Action. ............................... 2

    B. Plaintiff Has Failed To "Cure" His Standing Deficiencies. ................... 4

    C. Plaintiff Fails To Identify What Information Is Missing. ...................... 6

    D. The Website Presently Complies with the ADA. .................................. 7

    E. Plaintiff's State Law Claims For Damages Fails Because The Inn Provided Equivalent Facilitation. ........................................................... 8

III. TO THE EXTENT THE COURT DOES NOT DISMISS PLAINTIFF'S STATE LAW CLAIMS WITH PREJUDICE, IT SHOULD DECLINE SUPPLEMENTAL JURISDICTION OVER THEM. ................................................................................................................ 8

IV. CONCLUSION ................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brooke v. Choice Hotels Int'l, Inc.*
2016 U.S. Dist. LEXIS 60062 (S.D. Cal. May 5, 2016) ......................................... 5

*Diaz v. Kroger Co.*
2019 WL 2357531 (S.D.N.Y. June 4, 2019) .......................................................... 8

*Gomez v. Bang & Olufsen Am., Inc.*
2017 WL 1957182 (S.D. Fla. Feb. 2, 2017) ............................................................ 3

*Harris v. Stonecrest Care Auto Ctr., LLC*
472 F. Supp. 2d 1208 (S.D. Cal. 2007) ................................................................... 5

*Oliver v. Ralphs Grocery Company*
654 F.3d 903 (9th Cir. 2011) .................................................................................. 9

*Price v. City of Ocala, Florida*
375 F. Supp. 3d 1264 (M.D. Fla. 2019) .................................................................. 2

*Price v. Everglades Coll., Inc.*
2018 WL 3428156 (M.D. Fla. July 16, 2018) ......................................................... 3

*Robles v. Domino's Pizza, LLC*
913 F.3d 898 (9th Cir. 2019) .................................................................................. 3

*Rutherford v. Econolodge*
2019 WL 950329 (S.D. Cal. Feb. 27, 2019) ........................................................... 4

*Spokeo, Inc. v. Robbins*
136 S. Ct. 1540 (2016) ............................................................................................ 6

*Strojnik v. Four Sisters Inns, Inc.*
2019 WL 6700939 (C.D. Cal. Dec. 9, 2019) ........................................................... 6

*Strojnik v. Hotel Circle GL Holdings, LLC*
2019 WL 6212084 (E.D. Cal. Nov. 21, 2019) ........................................................ 6

*Strojnik v. Kapalua Land Co. Ltd.*
2019 WL 4685412 (D. Haw. Aug. 26, 2019)
............................................................................................................. 1, 2, 3, 6, 7

*Strojnik v. Orangewood LLC*
    2019 U.S. Dist. LEXIS 213103 (C.D. Cal. Aug. 8, 2019) ........................................ 6

*Wander v. Kaus*
    304 F.3d 856 (9th Cir. 2002) ................................................................................. 8

Statutes

Americans with Disabilities Act ("ADA") .......................................................... *passim*

California Unruh Civil Rights Act ("Unruh") ..................................................... *passim*

Other Authorities

Constitution of the United States Article III ......................................................... 4, 6

## I. INTRODUCTION

Plaintiff James Rutherford's ("Plaintiff") opposition confirms that Defendant JC Resorts, LLC's ("Defendant) Motion for Summary Judgment should be granted and this action dismissed.  As explained below, Plaintiff's lawsuit fails for several, independent reasons.

*First*, Plaintiff has failed to establish a violation of the Americans with Disabilities Act ("ADA") in the first instance.  Plaintiff does not even attempt to respond to the *Strojnik v. Kapalua Land Co. Ltd.*, 2019 WL 4685412, *6-7 (D. Haw. Aug. 26, 2019), opinion which *directly holds* that Plaintiff's allegations are not actionable under the ADA.  Put simply, allegations that a plaintiff could not obtain information about the accessibility of a property on a website simply does not fall under the purview of the ADA.  Plaintiff's failure to respond to this argument is the beginning and end of the Court's inquiry.

*Second*, Plaintiff stunningly attempts to establish his standing to sue based upon the disability access litigation he files in San Diego.  Plaintiff's additional "evidence" fails to establish any plausible intent to return.  For example, the additional evidence submitted by Plaintiff simply states that he has stayed in hotels, and identifies examples that are nowhere near the Rancho Bernardo Inn ("Inn").  In addition, Plaintiff identifies no motivation for staying in these hotels (other than in connection with his litigation related activities).  Far from supporting a finding of standing, as other courts in this District have observed, these assertions tend to support the allegation that Plaintiff has no actual interest in patronize the hundreds (if not thousands) of businesses he has sued.

*Third*, Plaintiff has failed to establish any concrete or particularized harm stemming from the alleged violations.  Plaintiff continues to fail to explain why the information available from the Inn does not provide him with the information he claims he needs. As a result, Plaintiff's lawsuit fails.

*Fourth*, the undisputed facts demonstrate that the Inn provides information about its accessible rooms online and allows guests to book accessible rooms online in the same manner and method as all other guests.  Additionally, the Inn provides a multitude of ways for persons to contact them to assist with any specific questions they may have.   The Inn's staff is available to respond to questions for everyone, disabled or not, in the same manner.   Further, the Inn's staff are trained to make reasonable modifications to procedures to ensure that any guest has a quality experience at the Inn.  Plaintiff cannot maintain this "surf by" lawsuit for damages or otherwise by virtue of his intentional bypassing of all these other methods of receiving assistance at the Inn solely so he can bring a lawsuit.

Finally, to the extent that the Court does not dismiss Plaintiff's state-law claims for damages with prejudice, it should decline to exercise supplemental jurisdiction over them.

## II.     ARGUMENT

### A.     Plaintiff Has Failed To Allege A Cause of Action.

Plaintiff's claim under the Unruh Act is exclusively premised upon a violation of the ADA.  It is undisputed that there is no evidence that Defendant "willfully and affirmatively" discriminated against Plaintiff.  Therefore, to be successful, Plaintiff must establish a violation of the ADA.  He cannot.

In its moving papers, Defendant cited *Strojnik v. Kapalua Land Co. Ltd.*, 2019 WL 4685412, *6-7 (D. Haw. Aug. 26, 2019).  In that case, the Court squarely rejected Plaintiff's argument that an alleged inability to obtain *information* about a hotel property on a website constituted a violation of the ADA.  Specifically, the Court observed that "Plaintiff fails to cite to any legal authority providing that failure to detail all accessible and inaccessible elements of a public accommodation results in an ADA violation." *Id*. at *7; *see also  Price v. City of Ocala, Florida,* 375 F. Supp. 3d 1264, 1271-72 (M.D. Fla. 2019) ("When considering whether there is a nexus, courts distinguish between 'an inability to use a website to gain

1  information about a physical location and an inability to use a website that impedes
2  access to enjoy a physical location,' with only the latter being sufficient to state a
3  claim."); *Price v. Everglades Coll., Inc.*, 2018 WL 3428156, at *2 (M.D. Fla. July
4  16, 2018) (dismissing claim against website where "the Plaintiff alleges only facts
5  indicating that his ability to gain information about the location, rather than his
6  access to enjoyment of the university itself, was compromised."); *Gomez v. Bang &*
7  *Olufsen Am., Inc.*, 2017 WL 1957182, at *4 n.3 (S.D. Fla. Feb. 2, 2017) ("[a]ll the
8  ADA requires is that, if a retailer chooses to have a website, the website cannot
9  impede a disabled person's full use and enjoyment of the brick-and-mortar store").
10 As a result, the *Kapalua Land* court dismissed Plaintiff's ADA claim.  2019 WL
11 4685412, *6-7.  As Plaintiff's Unruh Act claim is exclusively based on his
12 allegation of an ADA violation, it fails as a matter of law.
13       Plaintiff ignores all of this authority and instead relies upon *Robles v.*
14 *Domino's Pizza, LLC*, 913 F.3d 898, 905 (9th Cir. 2019).  However, the *Kapalua*
15 *Land* decision considered the *Domino's* decision and found that a claim against a
16 website was only actionable if it *impeded access* to the goods and services of a
17 physical place – not an inability to obtain facts about the hotel in question.  Plaintiff
18 ignores this and tellingly fails to address the issue in his opposition brief.
19       Here, Plaintiff's claim squarely turns on his allegation that the website for the
20 Inn fails to provide information about the physical property itself.  This is not
21 actionable under the ADA.  Indeed, were it otherwise, every single business that has
22 a website, including restaurants, retail locations, stadiums, law firm offices, grocery
23 stores, etc., would be in violation if their respective websites did not provide the
24 detailed information about the physical characteristics of a property such as those
25 demanded by Plaintiff here.
26       This is nonsensical and neither the ADA not the Unruh Act compels this
27 result.  As a result, his claim fails.
28

### B.     <u>Plaintiff Has Failed To "Cure" His Standing Deficiencies.</u>

Courts, including those in the Southern District, have expressed extreme skepticism about whether Plaintiff can establish Article III standing to bring the hundreds (if not thousands) of disability access lawsuits he has filed against businesses across the state of California. *See Rutherford v. Econolodge*, 2019 WL 950329, *2 (S.D. Cal. Feb. 27, 2019). In a concession that his barebones complaint contained insufficient allegations to establish his standing, Plaintiff submits a declaration with additional information (that he failed to provide in discovery despite requests) in a belated attempt to "cure" his standing. These efforts fail.

First, Plaintiff concedes that he never visited the Inn or even bothered to contact the Inn in any way other than browsing its website. Given the undisputed numerous ways Plaintiff could have contacted the Inn (phone, email, or the contact form on the website itself), this raises considerable skepticism that Plaintiff ever genuinely wanted to stay at the Inn.

Second, Defendant object to the consideration of this additional information because it was not disclosed during discovery. Defendant expressly asked for this information and Plaintiff refused to provide it. (Declaration of Bradley J. Leimkuhler, Exh. A (Response to Interrogatory No. 21). Due to Plaintiff's refusal to provide this information, Defendant was precluded from testing this information in discovery.

Third, even if the Court were to consider this information, it is somewhat shocking that Plaintiff is using his extensive litigation activities to establish his need to return to San Diego. Plaintiff's declaration expressly stated that he stayed in (unidentified) hotels in San Diego in 2018 when he needed to be there for "litigation related matters for accessibility cases in San Diego where he is the plaintiff. Plaintiff cannot bootstrap his standing by filing access lawsuits over and over again to give him an excuse to visit the area. Moreover, the hotels that are identified as being ones he stayed at in 2019 are across a broad swath of California, including

1  locations in Victorville (122 miles from the Inn), San Pedro (111 miles from the
2  Inn), Redlands (87 miles from the Inn), and downtown San Diego (26 miles from
3  the Inn).  (Leimkuhler Decl. Exh. B, Google Map Screenshots).  Moreover, even
4  Plaintiff's purported statement that, in March 2019, he and his fiancée went to
5  another hotel instead of the Inn *solely because of the website* does not pass the smell
6  test.  The Inn is located 103 miles from his residence in Rancho Mirage, while the
7  hotel identified is only 7 miles away.  (Leimkuhler Decl., Exh. A, Response to
8  Interrogatory No. 15, Exh. C, Google Map Screenshot).  Defendant also notes that
9  the budget motels identified by Plaintiff are not the same type of hotel as the Inn.
10 The reasons for staying at each are vastly different.

11         Given Plaintiff's litigation history against hotels, lack of any contact with the
12 Inn, and it is *far* more likely that he only ever intended on suing Defendant for
13 damages.  *Harris v. Stonecrest Care Auto Ctr., LLC*, 472 F. Supp. 2d 1208, 1220
14 (S.D. Cal. 2007) ("particularly in view of a recognized trend of abusive ADA
15 litigation, special diligence and vigilant examination of the standing requirement are
16 necessary and appropriate to ensure the litigation serves the purposes for which the
17 ADA was enacted.").

18         Fourth, mere "some day" intentions to visit a property does not give rise to
19 standing.  Plaintiff's declaration merely states that he intends to return when the
20 barriers to access are remedied.  This is not only implausible but such conclusory
21 allegations are not sufficient to confer standing without more information.  *Brooke*
22 *v. Choice Hotels Int'l, Inc.*, 2016 U.S. Dist. LEXIS 60062, at *7-8 (S.D. Cal. May 5,
23 2016)("some day intentions—without any description of concrete plans, or indeed
24 even any specification of *when* the some day will be—do not support a finding of
25 the 'actual or imminent' injury that [Supreme Court] cases require.").  Significantly,
26 Plaintiff does not identify any specific plans to visit San Diego in the future.

27         Moreover, Plaintiff has utterly failed to identify any sort of *physical*
28 accessibility issue with the Inn itself that would allegedly prevent him from

returning. *Kapalua Land*, (finding no standing where "Plaintiff fails, however, to establish that anything on the 2019 WL 4685412, *7-8 Property is indeed not compliant with the ADA."). The *Kapalua Land* decision rightly recognized it was nonsensical that a plaintiff would only be deterred if the website lacked information without any knowledge of an actual accessibility problem at the property itself.

Therefore, Plaintiff lacks Article III standing.[1]

### C.   **Plaintiff Fails To Identify What Information Is Missing.**

Plaintiff continues to fail to identify what information is allegedly missing from Defendant's website. Plaintiff's declaration is filled with a litany of conclusory statements that the website does not provide him with the information he needed. Of course, Plaintiff concedes that the website did have information about the presence of roll-in showers as opposed to a tub utilizing grab bars in the rooms designated as accessible.

A "bare procedural violation," divorced from any concrete harm, cannot satisfy the demands of Article III standing. *See Spokeo, Inc. v. Robbins*, 136 S. Ct. 1540, 1550 (2016); *Strojnik v. Orangewood LLC, 2019 U.S. Dist. LEXIS 213103, *7-8 (C.D. Cal. Aug. 8, 2019)*; *Strojnik v. Four Sisters Inns, Inc.*, 2019 WL 6700939, at *3 (C.D. Cal. Dec. 9, 2019) ("holding that Strojnik's photographs and captions to be bare legal conclusions insufficient to show how there are purported barriers to accessibility"); *Strojnik v. Hotel Circle GL Holdings, LLC*, 2019 WL 6212084, *3 (E.D. Cal. Nov. 21, 2019) (same).

Plaintiff has failed to identify any concrete harm. As discussed above, the concept that a business must state on its website that its property is compliant with the ADA is simply not actionable. Moreover, Plaintiff continues to fail what specific information he contends is missing. It is not enough to complain that,

---

[1] Plaintiff's discussion about the differences in standing requirements under the Unruh Act and the ADA is irrelevant because standing *in this Court* is determined under Article III of the Constitution of the United States.

hypothetically, a problem may exist. This would be an impossible standard for any business to meet. The *Kapalua Land* decision rejected this argument by making the common sense observation that the plaintiff had failed to identify an actual accessibility problem at the hotel and, therefore, he lacked standing. 2019 WL 4685412, *7-8. The same rationale applies here.

Plaintiff's attempt to save his claim by picking a random picture of the spa area at the Inn does not "establish" that there are access violations at the spa. It does not encompass the entire spa area and his conjured hypothetical of an imagined access problem does not create one. Additionally, Plaintiff does not state any facts that he wanted to obtain spa services. As detailed in the declaration of Bryan Flood, employees at the Inn stand ready to assist disabled patrons to ensure they receive the same experience as non-disabled guests.

Plaintiff's complaint fails for this additional reasons.

### D. The Website Presently Complies with the ADA.

As demonstrated in Defendant's moving papers, the website for the Inn allows accessible rooms to be booked in the same manner and in the same method as non-accessible rooms. This includes the ability to directly use the reservations system or, alternatively, allow the Inn's employees to create a personalized experience for you. The website displays information about the accessible rooms, including whether they have roll-in showers and grab bars. This complies with the ADA's mandate to provide access to the Inn's goods and services via its website.

Plaintiff does not, and cannot dispute that the reservations system allows for accessible rooms to be reserved in the same manner as non-accessible rooms. (*See* Flood Decl. at ¶ 5-6, Exhs. C-F). Instead, Plaintiff erroneously claims that the Inn's website must provide a litany of information about the accessibility features of the property itself. As discussed above, this is not required under the ADA and Plaintiff's claim for injunctive relief is moot.

Plaintiff's arguments that websites should be subject to a different mootness standard than physical buildings similarly fails. First, this has been rejected. *E.g., Diaz v. Kroger Co.*, 2019 WL 2357531, *4 (S.D.N.Y. June 4, 2019) ("Rather, the Court believes that ADA cases involving websites are subject to the same mootness standard as their "structural" counterparts."). Second, there is no evidence that Defendant would intentionally change its website to fall out of compliance with the ADA or invest the resources to do so. This is the same rationale routinely applied when defendants make changes to a facility that result in a finding of mootness. In other words, there is simply no basis to depart from the usual manner in evaluating Title III ADA claims.

### E. Plaintiff's State Law Claims For Damages Fails Because The Inn Provided Equivalent Facilitation.

Plaintiff does not dispute that at all times, staff at the Inn were ready, willing and able to assist Plaintiff book a room, answer any questions about the accessibility of the subject property, and help Plaintiff overcome any accessibility issues. (Flood Decl. at ¶ 8). This provides equivalent facilitation under the ADA. Thus, his state law claims fail as a matter of law.

## III. TO THE EXTENT THE COURT DOES NOT DISMISS PLAINTIFF'S STATE LAW CLAIMS WITH PREJUDICE, IT SHOULD DECLINE SUPPLEMENTAL JURISDICTION OVER THEM.

In its moving papers, Defendant cited a myriad of ADA access cases where courts declined supplemental jurisdiction over the plaintiff's state-law claims because the ADA claims had been rendered moot and/or the state law claims raised novel and complex issues of state law and/or predominated over the ADA claims.

Plaintiff does not address this argument. Under the ADA, the only remedy available is injunctive relief. *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) ("Damages are not recoverable under Title III of the ADA—only injunctive relief is available for violations of Title III.").

As discussed above, the claims for injunctive relief have been resolved. Therefore, to the extent the Court does not dismiss the state law claims for damages with prejudice, it should decline to exercise supplemental jurisdiction over them. *Oliver v. Ralphs Grocery Company,* 654 F.3d 903, 911 (9th Cir. 2011).

## IV. CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests that the Court grant its motion for summary judgment and enter judgment on behalf of Defendant and against Plaintiff.

Dated: March 23, 2020

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By     /s/ Gregory F. Hurley
          GREGORY F. HURLEY

Attorneys for Defendant
JC RESORTS, LLC

# CERTIFICATE OF SERVICE

I, Gregory F. Hurley, hereby certify that on March 23, 2020, true and correct copies of REPLY IN SUPPORT OF DEFENDANT JC RESORTS, LLC'S MOTION FOR SUMMARY JUDGMENT was served upon all counsel of record via the Court's Electronic Case Filing system.

/s/ *Gregory F. Hurley*
Gregory F. Hurley